## CHAMBERLAIN *versus* GARDINER & *als.*

By the second mode of foreclosing a mortgage, the mortgagee may enter into possession and hold the same, by consent in writing, of the mortgager; but no such entry shall be effectual, unless such consent in writing shall be recorded, within thirty days after such entry.

To render a foreclosure in this mode effectual, an *entry* must be proved. A consent to enter is not evidence of an entry.

The *possession* required to be held by the mortgagee, is equivalent to an *actual* possession.

*Such possession* is not provable from the consent in writing by the mortgager that he *may* enter, and that possession is *thereby* given.

Of the admissions of the mortgager.

BILL IN EQUITY to redeem an estate mortgaged.

The defence was, that the mortgage had been foreclosed.

The complainant being seized in fee of a tract of land in Carmel, on Oct. 9, 1847, mortgaged the same to A. K. Gardiner of New York, to secure certain notes which have not been paid.

On Nov. 20, 1852, A. K. Gardiner conveyed the same premises to Elias Dodge of Carmel, by deed of warranty, who then mortgaged the same to A. K., Mary B. and Charlotte Gardiner, all of New York, to secure certain notes given to them.

A demand in writing for an account was made upon said Gardiners and Dodge and refused, who are all made parties to this bill.

On October 29, 1849, the complainant, at Bangor, executed, acknowledged and delivered an instrument, consenting that the mortgagee might enter into possession of said premises.

After describing the mortgage, the paper read thus: — "Now know all men by these presents, that I, George W. Chamberlain, of Carmel aforesaid, hereby consent that the said Gardiner may enter into possession of said premises and hold the same from this day for the purpose of foreclosure of said mortgage, and the time for procuring said foreclosure commences from this time, and possession is hereby given. Dated at Bangor, this twenty-ninth day of Oct. 1849."

The above paper was recorded in the registry of deeds for Penobscot on Nov. 1, 1849.

After this paper was executed the complainant occupied the premises, mowing a part of it, and paying the taxes for the three years following. And no actual possession was taken by the mortgagee or his agent. No agreement was made with complainant as to his occupation.

It was proved, that after the three years from the date of said paper, the agent of mortgagee met the complainant and informed him that the foreclosure was out. Chamberlain denied it, but on finding the paper, and looking at it, said it was so.

Upon so much of the evidence as would be admissible for either party, the Court were authorized to render a legal judgment.

*Peters,* for defendants.

The complainant has lost his right to redeem. The three years after possession was taken, run out before he sought to redeem. His right is therefore barred.

The plaintiff cannot say, that no actual possession was taken. He is not permitted to say so here. He has said otherwise. The law will not allow him to seek of mortgagee this mode of foreclosure, to acknowledge in writing an entry made, rather than have it published to the world in a newspaper, and then deny such an entry in the face of his acknowledgment. He is estopped to deny an actual entry. *Lawrence* v. *Fletcher,* 10 Metc. 344; *Oakham* v. *Rutland,* 4 Cush. 172.

Our entry to foreclose was an eviction and was the commencement of a new title in us. But again, the statute must have a reasonable construction. What is the object of the mortgagee's holding possession? Simply, that the mortgager may not be misled, that he shall have notice that the foreclosure is going on. Has he been overreached here? He knew all about it, and after the time had elapsed acknowledged it. This branch of the statute is considered in the case of *Thayer* v. *Smith,* 17 Mass. 429.

*A. Sanborn,* for complainant.

The foreclosure set up fails, because the mortgagee did not actually enter into possession and hold the premises for three years, according to the mode prescribed by statute. The paper is not conclusive evidence, that possession was taken and held for three years. This may be disproved by testimony. *Pease* v. *Benson,* 28 Maine, 336. The words in the paper, "I hereby give possession," do not prove the fact, that an actual entry was made or possession obtained.

There is no difference, in effect, as to the kind of possession, between R. S, c. 125, § § 3 and 4, and the statute of

Chamberlain *v.* Gardiner.

1821, on the same subject. Although the word " actual" is omitted in R. S., the possession contemplated is, nevertheless, *actual.* If any doubt can exist as to the meaning in §§ 3 and 4, § 7 of the same chapter shows that an *actual* possession is only intended.

TENNEY, J. — It was decided in *Ireland* v. *Abbott,* 24 Maine, 155, that a mortgage could not be foreclosed, except by pursuing one of the modes provided by the statute for that purpose. C. J. WHITMAN, in delivering the opinion of the Court, says, " the language of the statute seems to be plain and unambiguous, and we cannot hesitate in coming to a conclusion, that the defendant, in order to avoid the plaintiff's right of redemption, must bring himself within one of the provisions named.

In *Pease* v. *Benson,* 28 Maine, 336, it is held, that a foreclosure cannot be made according to the second mode provided by statute, c. 125, § 3, without an actual entry into possession for condition broken, by the consent in writing of the mortgager, or those claiming under him; but that the written consent is of no effect, but to make such entry lawful.

The statute, under which proceedings in the cases just referred to, took place, that were relied upon as sufficient to work a foreclosure in three years therefrom, was that of 1821, c. 39, § 1. But that statute is not materially different from the one in force on October 29, 1849, R. S., c. 125, § 3, so far as it treats of taking possession for condition broken, in order to foreclose the mortgage. By the former, when any mortgagee, &c., shall lawfully enter and obtain actual possession, &c., for condition broken, &c., provided that the entry shall be by consent in writing of the mortgager, &c., the mortgager, or person claiming under him, shall have the right to redeem the same in three years, and not afterwards. By the Revised Statutes, after breach of the condition, if the mortgagee, &c., is desirous of obtaining possession for the purpose of foreclosure, he may enter into

possession and hold the same, by consent in writing, of the mortgager, &c.

But, by the R. S., such written consent shall be recorded, and no such entry shall be effectual, unless such consent shall be recorded. c. 125, § 3. Such possession, obtained as above described, being continued for three following years, shall forever foreclose the right of redemption. § 4.

The provision in the R. S., that no such entry shall be effectual, unless such consent in writing shall be recorded, implies, that if the written consent shall be so recorded, such *entry* shall be effectual. This was not intended to dispense with the proof of the entry, for if so, all that would be necessary to show, would be the written consent, duly recorded, that the mortgager, &c., had given permission for the entry, and thereby dispense with evidence to prove the entry itself, and consequently authorize the omission in fact of that which the statute has made indispensable, to effect a foreclosure in this mode. The statute has provided, that as preliminary to the entry, the mortgager shall give his written consent, that it shall be made; and to prove this, the writing itself, duly recorded, is the evidence required.

The writing, signed and sealed by the complainant, under date of Oct. 29, 1849, as proof of possession taken, fails to establish such fact. It is a consent, that the defendant, Augustus K. Gardiner, *may* enter into possession, and that possession was *thereby* given. This paper is dated at Bangor, and the land is in Carmel. No possession could be given by the paper alone in fact, and no other is proved.

The possession required by the R. S., to be taken and held, is not intended to be different from that to be taken under the statute of 1821, although that last named was to be actual. The possession required under the statute now in force, cannot be less than that which is actual, as is manifest from the case, cited for the defendants, of *Lawrence* v. *Fletcher,* 10 Metc. 344.

The report of the case shows, that no actual possession was taken by and in behalf of the mortgagee or those claim-

ing under him; and consequently, the mortgage is still open for redemption.

The admission of the complainant that "the foreclosure was out," can have no effect whatever. There having been no proper steps taken to effect a foreclosure, the admission of the complainant was entirely nugatory. But it is manifest, that all that he intended was, that three years had elapsed from the time the paper was executed. And even his belief that the written and recorded consent would constitute a foreclosure in three years, being erroneous, would be without effect.

There must be a decree, that the complainant may redeem the premises, on paying such sum as may be found due in equity and good conscience, and unless the parties agree upon the sum, a master must be appointed to report the amount to be paid in order to redeem the premises from the mortgage.

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.