HARRIET LINNELL *vs.* THORNTON LYFORD.

Penobscot.     Opinion June 2, 1881.

*Practice.   Equity.   Mortgage, equity of redemption.   Estoppel.*

No one should be made a party to a bill in equity against whom a decree if brought to a hearing could not be had.

The right of redemption is always incident to the mortgage.  So long as the instrument is one of security the borrower has the right to redeem, and a subsequent release of that right will be closely scrutinized to guard the debtor from oppression, and it must be for a new and adequate consideration.

Where the equity of redemption is apparently destroyed by the mortgagee, by his conveying an indefeasible title to the premises to a *bona fide* purchaser, a court of equity will treat such mortgagee as a constructive trustee for the balance in his hands after deducting from the price for which the land was sold, the amount for which the defendant held it as security.

A complainant in a bill in equity by a mortgagor against a mortgagee is not estopped from showing the relation between them by a judgment for the plaintiff in a process of forcible entry and detainer between the same parties, the defendant therein being the complainant in the equity suit.

BILL IN EQUITY.

The opinion states the case.

*H. L. Mitchell*, for the plaintiff, cited: *Howard* v. *Harris*, 3 Leading Cases in Equity, 869 ; 2 Wash. R. P. 67 ; *Baxter* v. *Child*, 39 Maine, 110 ; *Wyman* v. *Babcock*, 2 Curt. 386 ; *Bailey* v. *Myrick*, 50 Maine, 171 ; *Russell* v. *Southard*, 12 How. 139 ; stat. 1874, c. 175 : *Sprigg* v. *Bank*, 14 Pet. 201 ; 4 Kent Com. (12 ed.) 142 ; *Morris* v. *Nixon*, 1 How. 118 ; *Woodman* v. *Freeman*, 25 Maine, 531 ; Story's Eq. Jur. § § 64–74.

*Humphreys and Appleton*, for the defendant.

The complainant first asks to be permitted to redeem the property under the mortgage of May 17, 1866, and the agreement of April 29, 1874.

The bill discloses that the defendant long before the suit was commenced had conveyed the property to Lydia Dwelley who was the record owner at the time the suit was brought.   If the plaintiff wants a decree giving her the right to redeem the premises,

Lydia Dwelley should have been made a party to the bill. She is a party interested in the subject matter of the controversy. *Morse* v. *Machias W. P. & M. Co.* 42 Maine, 119 ; *Dockray* v. *Thurston,* 43 Maine, 216 ; *Goodrich* v. *Staples,* 2 Cush. 258.

Counsel further contended that, upon the facts in the case, if there were proper parties to the bill, the plaintiff would not be entitled to redeem. She had conveyed her right of redemption to the defendant for a good and sufficient consideration, to wit, one year's use of the premises under the defendant's agreement of April 29, 1874, and she having failed to meet the terms of that agreement, had no right to a reconveyance and no further interest in the premises.

For the same reason she is not entitled to any of the money which defendant received from the sale of the property, and if she was it cannot be recovered in this proceeding. Her remedy would be by suit at law in assumpsit for money had and received. *Long* v. *Woodman,* 65 Maine, 56 ; *Wiseman* v. *Lyman,* 7 Mass. 288 ; 65 Maine, 404 ; 68 Maine, 373 ; 2 Edw. Ch. 542 ; 17 Pick. 217 ; 2 Jones, 1046.

Finally we submit that whether or not the plaintiff has any of the rights of a mortgagor in these premises is *res adjudicata.* The determination of the action for forcible entry and detainer, brought by this defendant against the plaintiff, being in favor of this defendant, was an adjudication that the relation of mortgagee and mortgagor did not exist between them, for a mortgagee cannot maintain forcible entry and detainer against a mortgagor. *Reed* v *Elwell,* 46 Maine, 270.

APPLETON, C. J. This is a bill in equity. The following facts are either admitted or proved :

On May 17, 1866, the complainant purchased the house, which is the subject matter of this controversy, of the defendant, and on the same day mortgaged it back to secure the payment of fifteen hundred dollars and interest. She then went into and continued in possession till July, 1875, paying neither principal nor interest, and only the taxes of 1866.

The defendant after seven years occupancy brought a suit on the mortgage, on which judgment was rendered, and a writ of

possession issued March 13, 1874. The writ of possession was placed in the hands of an officer with stringent orders for its enforcement. In this state of things the complainant to procure the further occupancy of the house conveyed by deed of release, duly recorded, dated April 29, 1874, all her right, title and interest in the mortgaged premises to the defendant and received from him the following agreement:

"Harriet Linnell, of Bangor, has this day conveyed to me the house and lot in Centre street, Bangor, in which Gilman Cram resides, same having been before mortgaged to me by the said Harriet Linnell to secure payment of five notes of said Cram, the said mortgage bearing date of May 17, 1866, and I agree that in case said Harriet Linnell shall pay or cause to be paid to me, within one month from date, thereof, the sum of two hundred dollars on said mortgage debt, and the balance of said mortgage including all the taxes paid by me on said house and lot, since the date of said mortgage, within one year from this date, and interest on the amount now due on said mortgage debt, and on taxes paid by me from this date at the rate of ten per cent. *per annum*, said interest to be paid quarterly, and shall also pay the costs of the suit, which has been brought by me on said mortgage, and upon which judgment has been obtained, and shall also pay when assessed such taxes as may be assessed on said house and lot for 1874, I will quit claim the said premises, being the house and lot aforesaid, to the said Harriet Linnell or her assigns.

"I have this day been paid on said mortgaged debt the sum of one hundred and forty-five dollars, before the execution of this contract, and upon the payment of the two hundred dollars more, referred to above, there will remain due on the mortgage, including taxes paid by me, the sum of about twenty-four hundred dollars.

THORNTON LYFORD."

Bangor, April 29, 1874."

In December, 1874, after failure by the complainant to comply with the terms of the agreement just recited, the defendant brought the process of forcible entry and detainer against the complainant, and another. The suit went by appeal to the

Supreme Judicial Court, the defendants pleading title in themselves, and at the January term, 1875, this complainant was defaulted and the damages were assessed by Hon. Edward Kent, and judgment on July 17, 1875, was rendered for the defendant "for his title and possession of the premises," and for damages and costs on which a writ of possession issued July 19, 1875.

Subsequently on or about July 29, 1875, the defendant sold the premises to Lydia Dwelley, who is conceded to be a *bona fide* purchaser without notice of any fact impeaching her title.

The prayer of the bill is, that the deed of April 29, 1874, be adjudged null and void, and that the defendant render an account, and after deducting the balance due said Lyford, on said mortgage at the date of said sale, from the proceeds of the same, the balance with interest thereon may be paid the complainant, and for such other relief as the nature of the case may require.

To the maintenance of this bill the defendant interposes various objections.

1. It is claimed that Lydia Dwelley should be made a party. But why? The undisputed evidence shows that she has not the equity of redemption, but the fee discharged, and freed from any right of redemption. For what purpose should she be made a party? No one should be made a party against whom no decree, if brought to a hearing, could be had. The bill does not seek the redemption of the estate from her. It concedes the perfect validity of her title. The only result of making her a party would be to entitle her to a bill of costs. She is upon the conceded facts, neither a necessary nor proper party to the bill.

2. It is urged that the complainant's deed to the defendant, of April 29, 1874, bars her right to redeem.

Not so. The right of redemption is always incident to a mortgage. Even an express stipulation not to redeem, does not, in equity, bind the mortgagor. So long as the instrument is one of security, the borrower has a right to redeem, upon payment of the loan. A subsequent release of the equity may undoubtedly be made to the mortgagee, but the transaction will be closely scrutinized to guard the debtor from oppression. The release, too, must be for a new and adequate consideration.

The deed from the complainant to the defendant and his agreement back, must be regarded as parts of one and the same transaction. It distinctly and fully recognizes throughout the existence of the mortgage. The notes secured by the mortgage are not surrendered. They may be still enforced if the mortgage is not sufficient for their payment. The land stands as security for the complainant's indebtedness. The contract acknowledges the receipt of money on the day of its date as "paid on said mortgage." The defendant has made no advances to the complainant. The only advance is that of interest on her indebtedness from six per cent. to ten per cent. per annum accompanied by a reduction of the time of redemption from three years to one year. The complainant is allowed to remain in possession for one year on the payment at the time and in one month what would be an ample annual rent for the premises.

It matters little whether the original mortgage be regarded as subsisting or the deed of April 29th, 1874, with the contract of that date be regarded as an equitable mortgage; in either event, there is in equity a subsisting equity of redemption. *Baxter* v. *Curtis*, 39 Maine, 110; *Peugh* v. *Davis*, 96 U. S. Rep. S. C. 332; *Hyndman* v. *Hyndman.* 19 Vt. 9; *Wyman* v. *Babcock*, 2 Curtis, 386; *Russell* v. *Southard*, 12 How. (U. S.) 154.

3. This is not so much a bill to redeem a mortgage as to enforce a trust. The complainant, as has been seen, has an equity of redemption, whether the mortgage be regarded as legal or equitable. The defendant having conveyed an indefeasible title to a *bona fide* purchaser, she cannot as against such purchaser redeem the premises. In such case the equity of redemption having been destroyed by the defendant a court of equity will treat him as a constructive trustee for the balance in his hands, after deducting from the price for which the land was sold, the amount for which the defendant held it as security. *Wyman* v. *Babcock*, 2 Curtis, 386.

4. It appears that the complainant neglecting to make the payment required by the defendant's argument of April 29, 1874, the defendant commenced in the municipal court of the city of

Bangor, the process of forcible entry and detainer against the complainant and one Gilman Cram, that on its entry in court, the defendants therein filed a statement of title in themselves, that thereupon the case was carried to the Supreme Judicial Court, the statutory recognizances having been given, that at the April term 1875, of that court, the defendants were defaulted and that judgment was rendered for the complainant in the same, "for his title and possession of and in the premises" and for damages and costs.

The ground is taken that this judgment is a bar to the complainant's bill by way of estoppel.

It has been repeatedly determined that this process cannot be maintained by a mortgagee against a mortgagor. *Clement* v. *Bennett*, 70 Maine, 207 ; *Reed* v. *Elwell*, 46 Maine, 270 ; *Boyle* v. *Boyle*, 121 Mass. 85 ; *Woodside* v. *Ridegway*, 126 Mass. 292. Hence it is argued, that as there was a judgment against the complainant, that the relation of mortgagor and mortgagee did not exist.

But the law is well settled that after a mortgagee has peaceably entered and is in possession, if the mortgagor or any one else should undertake to enter upon him this process may be maintained against him. It is to be assumed that every point essential to the judgment was established, and consequently that it was shown that the defendant had entered under his mortgage and was in possession when the complainant and Cram entered forcibly upon him and withheld the premises. Indeed the defendants in that procedure by their default admitted the complainant's legal right to judgment. To give effect to the point taken by the defendant's counsel, we must assume and without proof, that the judgment was erroneously entered and that too when the result will be to defeat an equity of redemption.

Let a decree be entered that the complainant was the owner of the equity of redemption of the premises in controversy, that the absolute sale and conveyance of the same to a *bona fide* purchaser without notice was a constructive fraud upon the rights of the complainant, that thereupon she became entitled to an account of the sale of said land and of the rents and profits, if

any; and after deducting the amount for principal and interest and taxes and interest thereon and any reasonable expenditures, to the payment of the balance, and let the cause be referred to a master to state the necessary accounts.

WALTON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.