## Alexander Duncan *vs.* James Grant.

### Knox.    Opinion December 5, 1893.

*Writ.    Arrest.    Notary.    Justice.    Revision of Statutes.    Exceptions.    Waiver.*
                    *R. S., c. 32, § 3; c. 113, § 2.*

Statutes relating to the same subject matter, like the power to administer oaths by notaries and justices of the peace may be left standing independently of each other, in a general revision of the laws.

By R. S., c. 32, § 3, a notary public is authorized to administer oaths in all
cases where a justice of the peace can act.

*Held;* that a creditor desiring to arrest his debtor upon *mesne* process, in an
action of assumpsit as provided by R. S., c. 113, may make the oath and have it
certified as therein required before a notary public instead of before a justice
of the peace.

Irregularities in the premature presentation of exceptions may be waived at
the argument by permission of the court.

ON EXCEPTIONS.

This was an action of assumpsit on account annexed begun by
a *capias* writ, on which the defendant was arrested. The defend-
ant, on motion day, moved to dismiss the action, because the
certificate and oath, upon which the plaintiff relied as a founda-
tion for the arrest, was not made before and certified by a jus-
tice of the peace, and because the service was illegal.

The oath on the writ and the certificate of it appeared to be
made before a notary public.

The presiding justice overruled the motion and the defendant
took exceptions.

*C. E. and A. S. Littlefield,* for plaintiff.

These exceptions are premature.

Counsel cited: R. S., c. 32, § 3; *Day* v. *Chandler,* 65
Maine, 366.

*A. A. Beaton* and *R. R. Ulmer,* for defendant.

The justice named in R. S., c. 113, § 2, is required to make
a certificate of the oath on the writ. No authority is given to a
notary to do so. Statute authority given to justices only.
*Winslow* v. *Mosher,* 19 Maine, 151. Legislature did not
intend to extend power of notaries so as to increase the liability
of debtors to be arrested on *mesne* process. *Hathaway* v. *John-
son,* 55 N. Y. 93; *Bennett* v. *Ward,* 3 Caines, 259; *Newell* v.
*Wheeler,* 48 N. Y. 486; *Jones* v. *Jones,* 18 Maine, 308; *State*
v. *Perkins,* 4 Zab. 409; *State* v. *Hayes,* 61 N. H. 264; *Staniels*
v. *Raymond,* 4 Cush. 316 and cases. *Murray* v. *R. R. Co.* 4
Keyes, 274; *People* v. *Blackwelder,* 21 Ill. App. 254.

Stat. of 1875, giving women power to administer oaths, and stat.
of 1883, giving notaries same power have not been consolidated

with R. S., c. 113, § 2, which is the only statute authorizing arrest on *mesne* process.

SITTING: PETERS, C. J., WALTON, LIBBEY, HASKELL, WISWELL, JJ.

PETERS, C. J. A creditor, desiring the arrest of his debtor upon *mense* process in an action of assumpsit, made an affidavit upon the back of the writ in the usual form which authorizes such an arrest, and made oath to the same before a notary public instead of before a justice of the peace. By R. S., c. 113, § 2, such an oath is required to be taken before and be certified by a justice of the peace. By R. S., c. 32, § 3, a notary public is authorized to administer oaths in all cases where a justice of the peace can act.

It is objected against the authority of the notary in the present case that, inasmuch as there has been a revision of the general statutes since the authority above named was conferred upon notaries, and in such revision such authority was not expressly incorporated into the section authorizing arrest upon *mesne* process, the authority does not now in such cases exist. This point cannot be sustained. There was no occasion for any such particularity in revising the statutes. The provision authorizing notaries thus to act is as general and broad as language can make it, and is found in a chapter of the statutes which especially enumerates the powers and duties of notaries. This power of a notary public is as apropos to the present case as it can be in any other, and if it cannot be exercised in this instance it will be because it must be rejected altogether. Such an interpretation would render the act in question entirely nugatory and wholly defeat the clear purpose and intention of the legislature.

No other question is presented by the exceptions. Any irregularity in the presentation of the exceptions prematurely was waived at the argument by the permission of the court.

*Exceptions overruled.*