## NIRA C. HOLBROOK *vs.* SELDEN F. GREENE.

### Somerset. Opinion November 30, 1903.

*Mortgage,* Of real estate. *Trees and Grass,* Removal of. *License,* To cut 15 or 20 M feet of lumber, to pay interest, taxes and insurance. *Trover.*

1. Permission given by a mortgagee of real estate to the mortgagor to cut and remove timber for the purpose of paying taxes and insurance on the mortgaged property and back interest on the mortgaged debt, does not authorize the mortgagor to use the timber for the payment of his debts to other parties. Such parties acquire no title to the timber as against the mortgagee.

2. A mortgagee taking possession of the mortgaged premises in the absence of the mortgagor is not required by the law to give personal notice thereof to the mortgagor or his assigns.

3. After possession taken by the mortgagee, even without personal notice to the mortgagor or his assigns, the latter cannot lawfully remove the grass then growing on the mortgaged premises without the consent of the mortgagee.

4. After possession taken by the mortgagee he has all the rights of a mortgagee in possession though his possession is not so visible, notorious and exclusive as is required to acquire a title by disseisin.

5. The value of timber and grass taken from mortgaged premises by the mortgagor or his assigns is a question which a jury can determine better than the court.

Action of trespass.    Motion by defendant for new trial.    Overruled.

There were four counts in plaintiff's writ.    The first was for forcibly breaking and entering plaintiff's close in Solon, and seizing and carrying away twelve tons of hay.    The second count was also in trespass quare clausum for cutting and carrying away trees from the same close.    The third count was trespass de bonis for shingles, timber, logs and cord wood.    The fourth count was in trover for the same goods and chattels described in the third count.

The plea was the general issue with a brief statement.

In substance, the brief statement set out that one Harry A. Nelson was at the date of said plaintiff's writ, and long before the owner of the premises described; that plaintiff held a first mortgage on said premises; that the defendant held a second mortgage on said premises; that said defendant foreclosed his mortgage by newspaper publication in April, 1901, by due proceedings; that said plaintiff foreclosed her mortgage by newspaper publication in June, 1901; that said Harry A. Nelson remained in possession and retained control of said premises to October 1, 1901; that as far as said defendant's connection with said hay mentioned in said writ is concerned, said defendant on or about April 10, 1901, was authorized and directed by said Harry A. Nelson to harvest or sell said hay, and to take charge of said premises and of said hay; that in pursuance of said directions, and by license of said Harry A. Nelson, said defendant on or about July 1, 1901, entered upon said premises and cut, but did not carry away or otherwise disturb, a small amount of hay, to wit: 1000 pounds; that said defendant made no other entry on said premises; that said defendant afterwards, to wit: on or about July 5, 1901, in pursuance of the direction and license of the said Harry A. Nelson, bargained and sold all the grass standing and cut on said premises to one L. P. Cates for the sum of $15.00, which was a fair cash value for the same; that said wood and lumber were not removed from said premises by said defendant, but were cut and removed therefrom by

said Harry A. Nelson; that said wood and lumber were left in said defendant's possession by said Harry A. Nelson; that said defendant took charge of said wood and lumber with the knowledge and consent of the plaintiff, and at her request and with her license; and that all the above mentioned and described proceedings occurred prior to October 1, 1901.

The plaintiff, the first mortgagee, introduced in evidence the following letter, written by himself to the mortgagor:—

"Mr. Harry A. Nelson, Solon, Me.

    Dear Sir:

Yours just received and in reply will say, I am willing to do just as I agreed to. You have no note that is due until one year from next March 19th. My interest is all I want and I shall not ask any one to pay for any lumber twice.

I am willing you should cut fifteen or twenty thousand feet of lumber to pay interest, taxes, insurance &c. I shall not make any claims on such amount of lumber cut and hauled prior to Jan. 1st, 1902.

              Yours truly,        Nira C. Holbrook.

Jan. 29th, 1901.

    Skowhegan, Maine."

The verdict was for plaintiff for $125.25.

*D. D. Stewart*, for plaintiff.

*T. J. Young*, for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. There was evidence from which the jury might lawfully have found the following facts.

I. The plaintiff, Mrs. Holbrook, held a duly recorded mortgage given by one Nelson on his farm. In January, 1901, there were interest, taxes and insurance remaining unpaid. The plaintiff, in reply to his application, wrote Nelson that she was willing he should

cut fifteen or twenty thousand feet of lumber from the mortgaged land "to pay interest, taxes, insurance etc." This was the only permission ever given. Nelson cut some lumber but instead of applying it to the payment of interest, taxes or insurance, he turned it over to Mr. Greene, the defendant, in part payment of a debt due him, and the plaintiff had to pay the taxes and insurance out of her own funds and had to forego the interest on the mortgage debt. The defendant converted the lumber to his own use.

The mortgage being duly recorded, all persons dealing with the mortgagor, Nelson, were affected with notice of the plaintiff's title as mortgagee and must be held to have known that Nelson could not lawfully, as against the mortgagee, cut and sell lumber from the mortgaged premises without some special authority therefor from her. Such persons, therefore, were bound to inquire into the extent of the mortgagor's authority, and if it was for a special limited purpose as in this case, they were bound to limit their dealings accordingly. Under the limited authority given in this case the defendant gained no title to the lumber by taking it in payment of his claim against Nelson, the mortgagor, and hence became liable to the plaintiff for its value.

II. About May 1, 1901, Nelson, the mortgagor, moved off the premises into another town and left them unoccupied. He practically abandoned them and all intention of redeeming them from the mortgage. On the 28th day of the following June the plaintiff, the mortgagee, having begun proceedings by publication for foreclosure, entered on the premises with a witness for the purpose of taking possession of them under the mortgage.

She posted a written notice of such taking possession, with the date, on the door of the dwelling-house. She did not herself move on the premises nor put any tenant on them, but she arranged with the adjoining neighbor to look after them for her. Nelson, the mortgagor, had left some furniture and farming implements on the place, but the jury could lawfully have found that nevertheless he had abandoned the place to the mortgagee.

Afterward the defendant, sometime in July, converted the grass on the premises to his own use claiming to have authority to do so from Nelson. Nelson having abandoned the premises and the plaintiff having taken possession, he could give no title to the growing grass and the defendant acquired no title from him. The defendant claims, however, that the plaintiff could not acquire possession as against the mortgagor or his assigns without giving him or them personal notice of her entry for that purpose, which she did not do. He also claims that her entry was fruitless as against the mortgagor and his assigns, because she did not retain such an open, visible, actual possession as would suffice to make a title by disseisin of the record owner. Neither of these claims can be sustained. It is not necessary for a mortgagee to give personal notice of his entry to an absent mortgagee who has abandoned the premises; or to his assigns out of possession; nor, having entered and taken possession, is it necessary for him to regard himself as a disseisor and to fortify his possession to that extent. He is not a disseisor, but is holding possession under his legal title and may await acts of disseisin by others before further asserting his title. The only right left to the mortgagor or his assigns is the right to redeem from the mortgage.

III. The defendant complains that the jury appraised the value of the lumber and hay too high. The appraisal does seem to us rather high, and is higher than we would have made, but the jury is the better, as well as the legal, tribunal for such questions of value; and as we see no reason to doubt that the jury's appraisal is their honest, deliberate judgment, we must decline to substitute our judgment for theirs.

*Motion overruled.*