D. Leo Donovan and Elizabeth D. Donovan

*vs.*

Almon H. Sweetser.

Androscoggin.        Opinion, January 31, 1938.

Ralph W. Crockett, for plaintiffs.
Berman & Berman (Lewiston, Maine), for defendant.

Sitting: Dunn, C. J., Sturgis, Barnes, Thaxter, Hudson, Manser, JJ.

BARNES, J. This action of forcible entry and detainer, begun in the Auburn Municipal Court, tried on appeal to the Superior Court, is here on exceptions and motion for new trial by plaintiffs.

Defendant, on January 4, 1935, was living with his wife, at 43 James Street, Auburn, on a place, of which he had a deed, and the People's Savings Bank, of Lewiston, his mortgage, on which there was then due practically the amount of the mortgage note, given February 6, 1930.

On said January 4, 1935, a breach of the conditions of the mortgage then existing, the bank, by one of its officials, with its attorney and witnesses, entered the house, at the invitation of Mrs. Sweetser, wife of the defendant, and the bank official told her in substance that they were entering peaceably to foreclose and take possession, and that the Sweetsers might remain in the house at a rental of six dollars per week.

Mrs. Sweetser informed the official that she would report the "incident" to her husband.

The proceedings were in compliance with R. S., Chap. 104, Sec. 3, Par. III.

Section 4 of said chapter provides that possession so obtained, "and continued for one year, forever forecloses the right of redemption."

On the following day the proper certificate was duly recorded in the Registry of Deeds of the county.

It is not required of the mortgagee to notify the mortgagor of entry for purpose of foreclosure, other than by recording, as was done in this case. *Davis* v. *Rodgers*, 64 Me., 159, 162; *Holbrook* v. *Greene*, 98 Me., 171, 56 A., 659.

Defendant lived on the place until March 9, 1937, and made many payments, usually of small amounts, to a collector for the bank, or to the mortgagee at its banking rooms, for more than two years after entry.

Receipts for the payments were given to Mrs. Sweetser at the house, and to defendant or his wife at the bank, as they together or severally made payments. Such receipts invariably bore the notation, "For rent at 43 James St." or "On acct. of Rent," defendant's counsel agreeing, of record, "that the receipts will read all alike."

For more than five years before entry nothing had been paid on the principal, and only slight payments toward the interest, and during the sixteen weeks from January 4, 1935 to August 7, of that year only $42 was paid.

On the latter date a check for $50, known as the Governor Brann check, was received by the bank and credited against overdue rent. This check, payable to defendant, came by mail to the bank's counsel.

Counsel called defendant to his office, secured his endorsement, and at the trial testified as follows, "He endorsed it, and I told him it would apply to his back rent. Nothing was said by him directly or indirectly as to its being applied to the principal or the amount due on the mortgage."

Such record as the bank made of receipts of money from defendant subsequent to date of entry were under the heading "rent."

No receipt was given for the Governor Brann check, but it was credited as "rent."

At some date in 1935, the $6 payments being in arrears, process was instituted to dispossess defendant; but, as defendant testified in cross-examination, he agreed if that suit was dropped he would pay as he did before, and the bank record shows credit, beginning January 9, 1936, in the amount of $7, and continuing at that figure, or in multiples thereof intermittently, but never to approach the amount due as interest, up to February 26, 1937, the first notation being "Rent 1 wk. $7.00," with no payment meanwhile of $6 or multiple thereof.

Another occurrence tending to shed light on the relation between the bank and defendant was an attempt on defendant's part to secure a loan from a Home Owner's Loan Corporation. (Federal Act of July 22, 1932, and amendments.)

The bank offered every aid in its power to this end, but the attempt was dropped about "a year and a half" after date of entry.

Plaintiffs' contention rests on the sound principle of law that possession of the mortgagor, under an agreement to pay rent, after valid entry for foreclosure, is possession of the mortgagee, and the further proposition, equally sound, that such payment as will waive a foreclosure begun must be received by the mortgagee as payment on the indebtedness secured by the mortgage, since, by our statute

"the receipt of income from the mortgaged premises, by the mortgagee or his assigns while in possession thereof shall not constitute a waiver of the foreclosure proceedings of the mortgage on such premises," Section 7 of said chapter 104.

Defendant claims that he never paid or agreed to pay rent after entry, and hence that the possession taken by the bank at entry was not continued for a year as required in forclosure by the method adopted.

Secondly, defendant claims that the foreclosure, begun by entry was waived because the mortgagee within a year after entry accepted payment, or payments, to be applied to the mortgage indebtedness.

These are questions of fact, obviously within the province of a jury, and a jury finding for defendant on either claim, if based on credible testimony and valid inferences from such testimony, is not now assailable.

The jury elected to believe defendant's testimony and concluded that the bank waived foreclosure.

There is not sufficient showing of ignorance, fraud, bias or favoritism in the finding to justify overthrow of the verdict.

Two exceptions to refusal of the presiding Justice to give to the jury requested instructions were argued at the hearing, the first reading as follows: "The payment of rent by the defendant to the People's Savings Bank and the acceptance of rent receipts therefor, together with the occupancy of the premises by the defendant, were sufficient to constitute the relation of landlord and tenant between the parties."

In his charge the Justice had instructed the jury fully and correctly upon the point in question, and he was not required to restate it in the words suggested. Further, to have so charged the jury would, in this case have taken away from that organ of the court its proper function, in a case where the facts were in dispute.

So this exception fails.

The other requested instruction relied upon ends with these words: "All that was necessary to effect a foreclosure was an entry by the mortgagee, acting through its proper representative, peaceably, openly and unopposed, in the presence of two witnesses with a certificate thereof duly sworn to and duly recorded."

Proof of the doing of the acts prescribed for entry to foreclose, and registration of a proper and complete certificate of foreclosure may constitute entry for purposes of foreclosure; entry and registration, without more, do not effect foreclosure.

The second exception fails, and the entry must be

*Motion denied.*
*Exceptions overruled.*