Margaret COUGHLIN et al.

v.

GUARDIAN LOAN COMPANY.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1981.

Decided Feb. 5, 1982.

Fales & Fales, P.A., Roscoe H. Fales (orally), Lewiston, for plaintiff.

Linnell, Choate & Webber, John R. Linnell, Robert E. Mullen (orally), Auburn, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

GODFREY, Justice.

Guardian Loan Company, the defendant in this declaratory judgment action, appeals from a summary judgment for the plaintiffs by the Superior Court, Androscoggin County. We affirm the judgment.

From the pleadings, affidavits and documents on file, it must be concluded that the following events occurred:

On May 12, 1961, Johanna Coughlin, then the owner of a house and lot in Auburn, conveyed the legal title to People's Savings Bank (People's Bank) by a mortgage that was later recorded.

On December 21, 1962, Margaret Coughlin, a daughter of Johanna Coughlin, executed a mortgage of the same property to Guardian Loan Company (Guardian).

On October 19, 1965, an officer of People's Bank and two witnesses entered the premises "peaceably and openly, without opposition" for the purpose of initiating foreclosure of Johanna's mortgage under 14 M.R.S.A. § 6201. A certificate of entry of the type required under that statute was recorded on the same day.[1]

---

1. In 1965, 14 M.R.S.A. § 6201 provided, in pertinent part:

> After breach of the condition, if the mortgagee or anyone claiming under him desires to obtain possession of the premises for the purpose of foreclosure, he may proceed in either of the following ways.
>
>    *    *    *    *    *    *

> 3. *Entry, if not opposed.* He may enter peaceably and openly, if not opposed, in the presence of 2 witnesses and take possession of the premises. A certificate of the fact and time of such entry shall be made, signed and sworn to by such witnesses before a justice of the peace. Such certificate shall be recorded in each registry of deeds in which the

On October 4, 1966, People's Bank assigned Johanna's mortgage to Guardian. On October 6, 1966, Guardian sent a letter to the plaintiffs, Margaret Coughlin and Mary Carney, sole heirs of Johanna, who had apparently died intestate,[2] informing them that the "foreclosure will run out on October 18th, 1966."

Nearly 13 years later, on March 7, 1979, Guardian brought an action of forcible entry and detainer in District Court against Mary Carney and one Victor Carney for failure to pay rent for the premises here in dispute. The Carneys permitted judgment to be entered against them in that action, agreeing in an undated statement signed by their attorney to pay $50 per week into a "guaranty fund" until they vacated the premises. On June 7, 1979, a writ of possession was issued by the District Court as a result of that forcible entry action.[3] Apparently the Carneys no longer reside at the premises.

On May 6, 1980, the plaintiffs, Margaret Coughlin and Mary Carney, brought the present action in the Superior Court for a declaratory judgment, an accounting, and an injunction as to both mortgages. Both sides moved for summary judgment, which was entered for the plaintiffs with respect to the Johanna mortgage on September 26, 1980. Judgment determining the amount due on both mortgages was entered March 9, 1981. This appeal followed.

In order that a foreclosure under 14 M.R.S.A. §§ 6201 and 6202 be effective, all the requirements of those provisions must be fully performed. *Winter v. Casco Bank & Trust Co.*, Me., 396 A.2d 1020, 1024 (1979). Continued possession for the prescribed statutory period after entry is one of those requirements, and the burden of proving such continued possession is on the mortgagee.[4]

When Maine became a state, the statute that eventually became 14 M.R.S.A. § 6202 required actual possession for the period of redemption.[5] The express requirement of actual possession disappeared from the statute in 1837,[6] although decisions of this Court continued for some time to treat it as still in effect. *E.g., Chamberlain v. Gardiner*, 38 Me. 548 (1854). Later decisions made it clear that constructive possession for one year by the mortgagee would suffice—for instance, where the mortgagor continues occupancy under an agreement to pay rent as a tenant of the mortgagee. *See, e.g., Smith v. Kerr*, 130 Me. 433, 157 A. 314 (1931). However, constructive possession is not established merely by entry for the purpose of foreclosure and registration of the certificate of entry. *Donovan v. Sweetser*, 135 Me. 349, 196 A. 767 (1938).[7]

As the trial court noted, Guardian did not allege that actual possession was

---

mortgage is or by law ought to be recorded, within 30 days after the entry is made. In 1981, subsection 3 was amended to add "a notary public or an attorney at law" to the second sentence. P.L. 1981, ch. 279.

The certificate of People's Bank was sworn to before a notary public, not a justice of the peace. In the Superior Court, plaintiffs urged that the certificate was therefore invalid. However, they do not advance that argument in their brief on appeal. *See Duncan v. Grant*, 86 Me. 212, 29 A. 987 (1893).

2. The record does not disclose the date of death of Johanna Coughlin.

3. Guardian argues that plaintiff Mary Carney is barred from bringing the present action by the result of the action of forcible entry and detainer. But the rule in Maine is otherwise. *Linnell v. Lyford*, 72 Me. 280 (1881). *See also Tozier v. Tozier*, Me., 437 A.2d 645, 649 (1981).

4. *See Barton v. Conley*, 119 Me. 581, 112 A. 670 (1921). 14 M.R.S.A. § 6202 provides:

Possession obtained in either of these 3 modes and continued for one year forever forecloses the right of redemption.

5. 1821 Me. Laws ch. XXXIX, § 1.

6. 1837 Me. Laws ch. 286, § 1.

7. In *Donovan v. Sweetser*, this Court held that the trial justice did not err in refusing to charge as follows: "All that was necessary to effect a foreclosure was an entry by the mortgagee, acting through its proper representative, peaceably, openly and unopposed, in the presence of two witnesses with a certificate thereof duly sworn to and duly recorded." *Donovan* is thus a holding that continued possession must be shown in addition to peaceable entry and recording of certificate.

taken and held for a year by either People's Bank or Guardian. The affidavit of the president of Guardian, offered in support of Guardian's motion for summary judgment, contained no reference to possession by People's Bank or Guardian. "No claim is made," the trial justice observed, "that possession has been assumed from Peoples Savings Bank." Guardian provided neither allegation nor documentary evidence of any kind of possession during the year following the peaceable entry, either by People's Bank or itself. In particular, the pleadings and documents before the trial court revealed no arrangement for payment of rent by Johanna Coughlin or her daughters during the year after entry by People's Bank. The judgment in the forcible entry and detainer action brought against Mary Carney and her husband more than thirteen years later was not evidence that such an arrangement had been in effect in 1965 and 1966.[8]

As a party moving for summary judgment, Guardian had the burden of establishing that it was entitled to judgment as a matter of law. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.2a (2d ed. 1970). The plaintiffs, as the opposing party, were given the benefit of any inferences which might reasonably be drawn from the evidence available. *Id.* § 56.4. Without a showing of any act of possession by either People's Bank or itself, Guardian did not establish that it was entitled to judgment under 14 M.R.S.A. §§ 6201 and 6202.

With respect to plaintiffs' motion for summary judgment, the affidavit of Mary Carney, submitted in support of that motion, denied that she had entered an agreement to pay rent or had, in fact, paid rent during the redemption period after the bank's entry for purposes of foreclosure. The affidavit further stated that she had held exclusive possession of the premises during that period. In its answer to the amended complaint, Guardian had denied the plaintiffs' allegation that "at no time did [Guardian or People's Bank] comply with the requirements of the law by taking peaceable possession and retaining peaceable possession of the premises in question." However, Guardian did not provide affidavits on that point in support of its motion for summary judgment. Under M.R.Civ.P. 56, a party may not rest on the denial in its pleadings if those denials are in turn controverted by a sworn affidavit. A counter-affidavit is then required. *Haskell v. Planning Board of Yarmouth*, Me., 388 A.2d 100 (1978); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 (2d ed. 1970). "The failure to controvert a moving party's supporting material has the effect of admitting the facts on the motion and on appeal." 2 Field, McKusick & Wroth, *supra*, § 56.4 (Supp.1981). Therefore, on the record before us, Guardian must be taken to have admitted, for the purposes of the summary judgment motions, that it did not maintain possession, actual or constructive, of the disputed premises. On the basis of that admission, the plaintiffs were entitled to prevail. *Donovan v. Sweetser, supra.*

The entry will be:

Appeal denied.

Judgment affirmed.

All concurring.

---

**8.** The trial justice stated that "the assignee [Guardian] must take some affirmative step to assume actual or constructive possession in itself before any 'possession' can be considered to devolve upon it. Here the assignee did nothing, and, therefore, any possession established by Peoples did not continue for a year." If that statement meant that Guardian could not step into the position established by People's Bank at the time of the assignment without taking special, independent, possessory actions of its own, the statement was erroneous. The assignee stands in the place of the original mortgagee and is not required to do more than continue the possession theretofore maintained by the mortgagee. C. Wiltsie, *Mortgage Foreclosure* §§ 297, 303, 394 (3d ed. 1927). However, if the trial justice's remark is taken in an erroneous sense at all, it was harmless. The trial justice's additional finding that Guardian did not provide proof of possession provides sufficient basis for its decision. Even if the court's decision had been based on an error, it will be upheld on appeal if it is in fact the correct result. *Allstate Insurance Company v. Lyons*, Me., 400 A.2d 349, 352 (1979).