LLEWELLYN BARTON, In Equity, vs. HENRY J. CONLEY.

Cumberland.    Opinion March 8, 1921.

*The recording of the affidavit of mortgagee required under Chap. 192 of the Laws of 1917, in foreclosure proceedings, applies to all foreclosures, regardless of date of mortgage foreclosed, and such provision does not come within the constitutional inhibition of impairment of contracts, as it relates to a remedy for enforcement of rights, and there is no vested right in any particular remedy.   A remedy for enforcement of a contract does not offend against the constitution, unless the value of the contract is lessened, and no substantial and efficacious remedy remains.*

Chapter 192 of the Laws of 1917 requires a mortgagee within three months after completion of foreclosure to record in the Registry of Deeds an affidavit setting forth certain facts.   The recording of such affidavit is by the Act made a condition upon which the validity of the foreclosure depends.   The question involved is whether the Act which was passed in 1917 applies, and whether under the constitution it can effectually apply to a mortgage dated before 1917 and which contains a one year foreclosure covenant in the familiar form.

*Held:*

That the Act by its terms purports to apply to all foreclosures begun after its passage without regard to the date of the mortgage foreclosed, and that the one year foreclosure clause is not such a contract as is contemplated and protected by the constitution.

But it is contended that the Act impairs the obligation of the mortgage contract by extending the time, fixed for foreclosure, by the law in force at its date.

*Held:*

That the Act relates to the remedy for enforcement of rights.

An Act relating to precedure only may be changed by the Legislature at its will. There is no vested right in any particular remedy.

But a statute relating to remedy may so far affect the remedy as to impair the obligation of the contract, and for that reason be void.

To determine whether a remedy for enforcement of a contract so impairs its obligation as to offend against the constitution, the test is whether the value of the contract is lessened and whether a substantial and efficacious remedy remains.

Applying this test it is apparent that the requirement of the affidavit of foreclosure does not affect the value of a mortgage contract, and it is also apparent that a substantial and efficacious remedy for its enforcement remains.

The Act therefore applies to foreclosures begun after its passage without regard to the date of the mortgage foreclosed, such application not being in violation of the constitution.

On appeal by respondent. A bill in equity to redeem a mortgage of real estate upon which foreclosure proceedings had been begun. The mortgage contained a one year foreclosure covenant, and was dated prior to the amendment of Sec. 4 of Chap. 95, of the R. S., by Chap. 192 of the Laws of 1917, requiring the mortgagee within three months after the completion of foreclosure to record in the Registry of Deeds an affidavit setting forth certain facts. Such affidavit was not made or recorded. The bill was brought the next day after the expiration of the one year for redemption. The complainant contended that the failure to record the affidavit of the mortgagee rendered the foreclosure proceedings null and void. Respondent on the other hand contended that the Act of 1917 could not apply to a mortgage dated prior to the passage of the Act, and further contended that the Act impaired the obligation of the mortgage contract by extending the time fixed by law for foreclosure. The sitting Justice found in favor of the complainant and the respondent appealed. Bill sustained.

Case is stated in the opinion.

*Samuel L. Bates*, for complainant.

*Henry J. Conley*, *pro se*, for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

DEASY, J. This suit, a bill in equity for redemption of a real estate mortgage, comes to the Law Court on the defendant's appeal.

The mortgage was in 1905 given by the plaintiff to one Geo. W. Towle. It contains a one year foreclosure clause in the form then commonly in use. In 1919 the mortgage was by Towle's executors assigned to the defendant.

On Feb. 20, 1919 the mortgagee's executors by consent in writing of the mortgagor, and for the purpose of foreclosure, entered into possession of the mortgaged premises. A year and a day later, on Feb. 21, 1920, without prior tender, this bill for redemption was begun.

The defendant contends that the suit was begun after completed foreclosure and therefore too late.

The plaintiff claims that the foreclosure is not effectual because no affidavit has been recorded in the Registry of Deeds as provided by Chapter 192 of the Laws of 1917.

The statute in force in 1905 when the mortgage was given provided a redemption period of three years after the beginning of foreclosure. This was changed in 1907 to one year. The statute of 1907 embodied in the R. S. of 1916 as Chap. 95, Sec. 4, together with the amendment of 1917 are as follows, the amendment being italicized.

"Possession obtained in either of these three modes and continued for one year forever forecloses the right of redemption, *provided that an affidavit—. . . is within three months after the expiration of one year from the taking of such possession recorded in the Registry of Deeds.*" The act further specifies what the affidavit shall contain.

In this case no affidavit was recorded within the specified time.

There can be no doubt that the amendment by its terms relates to all foreclosures begun after its passage including foreclosures of prior existing mortgages.

*Bird* v. *Keller*, 77 Maine, 272.

The defendant contends that to apply this amendment to a mortgage in force prior to its passage is to violate the provisions of the Federal and State constitutions forbidding the enactment by states of laws impairing the obligation of contracts.

The one year foreclosure clause is in the familiar form of a covenant "that the right of redeeming the above mortgaged premises shall be forever foreclosed in one year next after the commencement of foreclosure by any of the methods now provided by law."

It is urged that the statute impairs the obligation of this contract by extending the foreclosure period for three months after the expiration of the year. But the statute does not extend the foreclosure period. In effect it imposes a condition which the mortgagee must perform or be held to have waived his foreclosure. He may perform the condition at once on the expiration of the year or at his option at any time within three months. If the affidavit is seasonably recorded the foreclosure is complete at the end of the year. If not, it is invalidated.

The defendant urges that to thus make conditional, rights which under the terms of a contract are absolute, is to impair the obligation of the contract. But the covenant relating to foreclosure is not in and of itself such a contract as is contemplated by the constitutional limitation.

The right of foreclosure is not a contractual but a statutory right. It depends not at all upon agreements of the parties but entirely upon the provisions of positive law. The statute in force in 1905 when the mortgage was given fixed three years as the strict foreclosure period. However it permitted the parties to elect by agreement a shorter period not less than one year.

Whatever form of words' was used the effect was limited by the statute by authority of which alone the parties could contract on the subject. The effect of this covenant was to fix the period of one year as the time in which by operation of law, and not by contract the foreclosure should become complete.

"The contract in substance contains a stipulation between these parties that this state shall continue in force the legal process of distraining for rent. If this is a subject on which parties can contract, and if their contracts when made become by virtue of the constitution of the United States superior to the power of the legislature, then it follows, that whatever at any time exists as part of the machinery for the administration of justice may be perpetuated if parties choose so to agree. That this can scarcely have been within the contemplation of the makers of the constitution, and that if it prevails as law it will give rise to grave inconveniences, is quite obvious."

*Conkey* v. *Hart*, 14 N. Y., 29; *Worsham* v. *Stevens*, (Tex.), 17 S. W., 404; *Webb* v. *Lewis* (Minn.), 47 N. W., 803; *Scott* v. *District Court*, (N. D.), 107 N. W., 61.

The Amendment of 1917 is not unconstitutional by reason of adding a condition to the one year foreclosure clause. Does it impair the obligation of the mortgage contract?

An act relating simply to procedure may be changed by the Legislature at its will. There is no vested right in any particular form of remedy.

*Kennebec R. R. Co.* v. *Portland R. R. Co.*, 59 Maine, 9; *Poor* v. *Chapin*, 97 Maine, 304; *Sturges* v. *Crowinshield*, 4 Wheat., 122, 4 L. Ed., 529; *Tennessee* v. *Sneed*, 96 U. S., 69. 24 L. Ed., 610.

But a statute relating to remedy for enforcement of a contract may so far affect the remedy as to impair the obligation of the contract, and for that reason be void.

*Louisina* v. *New Orleans*, 102 U. S., 203, 26 L. Ed., 132, 12 Corpus Juris 1067, 6 R. C. L., 353.

Thus a law granting an absolute right of redemption where no right existed when the mortgage was executed has been held void as impairing the obligation of the contract. *Barnitz* v. *Beverly*, 163 U. S., 118, 41 L. Ed., 93.

So held in this state as to a statute indefinitely extending the right of redemption in certain cases in favor of attaching creditors.

*Phinney* v. *Phinney*, 81 Maine, 462.

The test to be applied in determining whether a statute purporting to relate to remedy for enforcement of contracts so far affects contracts as to impair obligations has been stated "in various forms but with the same meaning." Thus:—

Does the act amending the remedy "impair and lessen the value of the contract?" *Edwards* v. *Kearzey*, 96 U. S., 595, 24 L. Ed., 778, 6 R. C. L., 355 and cases cited.

Does a "substantial and efficacious remedy remain?" *Water Works* v. *Oshkosh*, 187 U. S., 439, 47 L. Ed., 250; *Surety Co.* v. *Decorating Co.*, 226 U. S., 276, 57 L. Ed., 221.

Corpus Juris summarizes the result of numerous cases cited thus—"The remedy available under the statute must be substantially equivalent in coercive force to that provided by law when the obligation was contracted. But on the other hand there is abundant authority for the rule that the new or remaining remedy if substantial need not be so effective or advantageous as the old." 12 Corpus Juris 1069.

In 1905, as now, a holder of a defaulted mortgage desiring to foreclose it could, in some if not all cases, proceed by bill in equity or he could resort to one of the methods prescribed by R. S. of 1903, Chap. 90, (R. S. of 1916, Chap. 95).

The amendment of 1917 does not affect foreclosure by process in equity. If one of the statutory legal methods is adopted it requires the mortgagee by simple affidavit, recorded within three months, to make proof of the facts necessary to show such foreclosure to be prima facie complete and effectual.

It is perfectly plain that the amendment of 1917 did not impair or lessen the value of any mortgage, and that after its passage a substantial and efficacious remedy by foreclosure remained and now remains.

An almost precisely similar case arose under the Act of 1849, Chapter 105.

That act added to the then existing statute a requirement that if the foreclosure was by action at law an abstract certified by the Clerk of Courts should be recorded in the Registry of Deeds within thirty days. This was held to be applicable to existing mortgages and while "material and its omission fatal," not to be unconstitutional. *Bird* v. *Keller*, 77 Maine, 272.

Two other points require comment though not affecting the result. Possession taken for purpose of foreclosure fails of effect unless continued for one year. R. S., Chap. 95, Sec. 4. The burden of proving such continued possession is on the mortgagee. In this case, while it is admitted and determined that the mortgagee took possesssion there is no admission and no evidence of continued possession.

In a bill in equity for redemption, brought against a resident, it must appear either that a tender was made or was prevented by the defendants fault. In this case no tender was made. No oral evidence appears in the record. We have nothing before us except the pleadings and certain documents having no bearing on these matters.

The single Justice who heard the case sustained the bill and in his decree states that the sole issue other than amount due is the construction and effect of the amendment of 1917 above quoted. The conclusion is irresistible that at the hearing below the fact of continued possession and facts excusing tender were proved or waived.

*Pride* v. *Lumber Co.*, 109 Maine, 455.

The defendants claim that the plaintiff is barred by estoppel to maintain this suit is clearly without foundation.

*Bill sustained.*
*Decree in accordance with*
*this opinion.*