## CONLEY *v.* BARTON.

ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF
MAINE.

No. 193. Submitted January 9, 1923.—Decided January 29, 1923.

The obligation of a mortgage contract under which the right of redemption is barred after lapse of one year from entry and taking possession by the mortgagee to foreclose, is not impaired by a state law, enacted after the date of the mortgage but before breach of condition, and requiring the mortgagee, if he would sustain such a foreclosure, to make and record, within three months after its completion, an affidavit of the facts. P. 680.

119 Me. 581, affirmed.

ERROR to a judgment of the Supreme Judicial Court of Maine, affirming a judgment for the plaintiff in a suit to redeem property from a mortgage foreclosure.

*Mr. H. A. Hegarty* and *Mr. J. B. Flynn* for plaintiff in error.

*Mr. Frank H. Haskell* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the Court.

Suit to redeem from a mortgage which was executed by defendant in error to one George W. Towle to secure his

promissory note for the payment to Towle of the sum of $2,000 and interest. The note and mortgage were dated October 14, 1905.

On February 20, 1919, a breach of the mortgage was committed and the holder of it, under the laws of the State, foreclosed it by taking possession of the mortgaged premises and duly recorded a certificate of the fact in the Registry of Deeds of the proper county.

The bill as originally drawn was based upon an alleged effort to redeem the mortgaged premises by payment of the amount due upon the note and mortgage before the time of redemption expired, in which effort, plaintiff alleges he failed by the absence of Conley from his residence and place of business.

Plaintiff (defendant in error), however, amended his bill to read as follows: " The plaintiff further alleges that more than three months have elapsed since the expiration of one year from the time when the legal representatives of the mortgagee of the mortgage described in the plaintiff's bill, took possession of the mortgaged property for the purpose of foreclosing said mortgage but neither the mortgagee nor the holder of record of said mortgage, nor the legal representative or legal representatives, of either the mortgagee or holder of record of said mortgage nor any other person, has signed and sworn to an affidavit as required in cases of foreclosure of mortgages of real estate by Section 4 of Chapter 95 of the Revised Statutes of Maine as amended by Chapter 192 of the Public Laws of A. D. 1917, and no such affidavit has been recorded in the Registry of Deeds where the certificate of said foreclosure is recorded, as required by said statute, and these facts were not known to the plaintiff at the time of filing his said bill as said three months had not elapsed at the time of filing said bill."

Plaintiff in error, answering the amendment, alleges that c. 192 of the Public Laws of 1917 " has no applica-

tion and no relevancy to the plaintiff's [defendant in error's] rights or cause of action herein," and that if it be claimed that such chapter grants any additional time beyond the one year as covenanted in the mortgage deed, the act "would be contrary to the provisions of Section 10 of the Constitution of the United States and to the covenant of the mortgage deed itself, and, therefore, void and of no effect." An estoppel was also pleaded.

The mortgage contained a provision by which the mortgagor covenanted with the mortgagee that the right to redeem the mortgaged premises should be forever foreclosed in one year next after the commencement of foreclosure by any of the methods then provided by law, and one of the methods provided was entry into possession of the mortgaged premises and holding the same by consent in writing of the mortgagor, or the person holding under him.

It is, however, provided by c. 192 of the Public Laws of 1917, that possession so obtained (or by any other of the three modes provided) "and continued for one year" will "forever foreclose the right of redemption," provided however, "that an affidavit signed and sworn to by the mortgagee or by the holder of record of the mortgage, or their legal representatives, is, within three months after the expiration of one year from the taking of such possession, recorded in the registry of deeds where the certificate of foreclosure is recorded; . . ."

On February 20, 1919, a breach of the mortgage having been committed, the holder of the mortgage assigned it to the plaintiff in error, Conley, but two years before that time the act providing for the filing of the affidavit as above stated, was passed and its effect is the principal controversy in this case. Defendant in error urges it to sustain his right to redemption; plaintiff in error asserts that it is inapplicable, and contends that if held applicable, it is invalid as impairing the obligation of his contract, the mortgage.

The trial court·decided that the provision was applicable and valid. These conclusions were affirmed by the Supreme Court. 119 Me. 581. " There can be no doubt," the Supreme Court said, " that the amendment by its terms relates to all foreclosures begun after its passage including foreclosures of prior existing mortgages." In reply to the contention that the statute impairs the obligation of the contract constituted by the mortgage " by extending the foreclosure period for three months after the expiration of the year," it was said: " But the statute does not extend the foreclosure period. In effect it imposes a condition which the mortgagee must perform or be held to have waived his foreclosure. He may perform the condition at once on the expiration of the year or at his option at any time within three months. If the affidavit is seasonably recorded the foreclosure is complete at the end of the year. If not, it is invalidated."

By a rescript by one of the Justices the case is given a clearer definition. Chapter 192 of the laws, it was decided, requires a mortgagee within " thirty days " after completion of foreclosure to record in the Registry of Deeds an affidavit setting forth the facts and that the affidavit is made the condition upon which the validity of the foreclosure depends. And further, that it applied to mortgages dated before 1917 and which contain a one-year foreclosure covenant, which the court denominated " the familiar form." The conclusion was that such " foreclosure clause " was " not such a contract as is contemplated and protected by the constitution." And further that the act related to the remedy for the enforcement of rights, and that while an act may not so far affect the remedy as to impair the obligation of a contract, the test in such case " is whether the value of the contract is lessened and whether a substantial and efficacious remedy remains." It was decided that the act sustained the test.

The basic principles that determine this case are elementary. The obligation of a contract can not be im-

paired by a law passed after the contract was entered into, and the remedy for enforcement of the contract may be so far a part of it as to be within the principle that protects it. But the remedy may not have that intimacy of relation and a regulation or change of it may not impair its efficiency or lessen the obligation of the contract.

It is recognized that the legislature may modify or change existing remedies or prescribe new modes of procedure without impairing the obligation of contracts if a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract. *Oshkosh Waterworks Co.* v. *Oshkosh,* 187 U. S. 437; *Barnitz* v. *Beverly,* 163 U. S. 118. These cases are complementary. In the first, an alteration of the remedy was sustained; in the second, the remedy was adjudged so intimate in its relation to the contract as to be within its obligation and immunity from change. The first is the reliance of defendant in error; the second of plaintiff in error. Our inquiry, therefore, is, which determines the case at bar?

The statute in execution of the purpose of the State, enjoins a duty upon the mortgagee, the effect of the nonperformance of which the mortgagor may avail of. In other words, the duty not performed, the attempt at foreclosure is null and void, and necessarily, therefore, it is no impediment to redemption of the mortgage by the mortgagor. It does not withhold possession of the premises for a single day, nor does it defeat the efficacy of possession as foreclosure. And we have seen, the Supreme Court of the State, passing upon it, decided that compliance with it does not involve any delay. The mortgagee may perform the condition at once or at his option any time within three months. It, therefore, only imposes a condition, easily complied with, which the law, for its purposes, requires. And the condition was required, and its purpose declared long before plaintiff in error's attempt at foreclosure.

We think it would be extreme to hold that this is out-side of the power of the State over remedies; and the law of the State has precedents of justification in *Vance* v. *Vance,* 108 U. S. 514; *Curtis* v. *Whitney,* 13 Wall. 68.

*Decree affirmed.*