CONSOLIDATED RENDERING CO.

*vs.*

GEORGE E. STEWART AND F. A. FARWELL.

Waldo.       Opinion August 8, 1933.

*Burleigh Martin,* for plaintiff.
*Buzzell and Thornton,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. This is an action on a demand note given the Consolidated Rendering Co. by the defendant, George E. Stewart, and secured by a chattel mortgage on two horses. The defendant, F. A. Farwell, is involved only as an accommodation signer of the note. The issue presented is as to the amount for which judgment should be entered. The case is reported on an agreed statement of facts.

The mortgage, as originally written, in addition to the usual provisions, included an agreement that, on default of any condition, it should be lawful for the mortgagee to take possession of

and sell any or all of the chattels described in the mortgage, reimburse itself for costs, charges, and expenses, retain such sums as remained due under the mortgage, and account to the mortgagor for the balance of the proceeds of the sale. Under this provision, when the note was not paid on demand, an agent of the Rendering Company took peaceable possession of the horses, sold them, applied the money received as required by the agreement, and accounted to the mortgagor.

It is agreed, in the stipulations accompanying the report, that the sale of the horses netted $150 which should be credited upon the note if the sale was legal. The alternative agreement is that, if the sale is held to be void, judgment should be for $180, which is the amount of the note.

The defendants contend that the agreement in this mortgage, under which the Rendering Company sold the horses, must be construed as a release or surrender of the mortgagor's right of redemption, which the law will not allow under the rule that a mortgagor can not change the character of his mortgage to that of an absolute conveyance, or release or surrender his right of redemption by any agreement, however explicit or forceful, made at the same time or as a part of the mortgage transaction. *Greenlaw* v. *Savings Bank*, 106 Me., 205; *Reed* v. *Reed*, 75 Me., 264, 272; *Peugh* v. *Davis*, 96 U. S., 332. This rule, while ordinarily applied to mortgages of real estate, is now held to bar any agreement made contemporaneously with a chattel mortgage which clogs the mortgagor's right of redemption. *Jones on Chattel Mortgages* (Bow. Ed.), Sec. 682; 5 R. C. L., 472; *Editor's Note*, 24 A. L. R., 822 et seq; *Landers* v. *George*, 49 Ind., 309; *Graves* v. *Negy*, 114 Kan., 373; *Hart* v. *Burton*, 30 Ky., 322; *Desseau* v. *Holmes*, 187 Mass., 486; *Clark* v. *Henry*, 2 Cow. (N. Y.), 324; *Plumiera* v. *Bricka*, 140 N. Y. S., 171; *Hughes* v. *Harlam*, 156 N. Y., 427; *McKnight* v. *Gordon*, 13 S. C. Eq., 222, 230; *Luckett* v. *Townsend*, 3 Texas, 119, 131.

We are of opinion, however, that the defendants have misconceived the true intendment and legal effect of this provision in the mortgage. As we interpret the instrument, the parties, by their contract, superadded to the bill of sale and defeasance clause of the ordinary chattel mortgage a power of sale enabling the mort-

gagee to sell the property, after default, according to the terms of the power. This is a recognized mortgage provision which is now almost universally deemed a valid and binding exercise of the right of contract, which neither impairs the mortgage nor clogs the equity of redemption. It is an additional provision coupled with the mortgage, rather than a part of it. It may be included in the mortgage deed or be created by a separate instrument. 2 *Perry on Trusts*, 602; 41 Corpus Juris, 923; 19 R. C. L., 587. It is wholly a matter of "convention and contract between the parties, and not of law or jurisdiction." *Railroad Company* v. *Cotton Mills Company*, 104 Me., 527; *Perry on Trusts*, supra. As long as the power of sale remains unexecuted, the relation of the parties remains as created by the mortgage, but, when the power is fully and lawfully exercised, the mortgage is stripped of its essential attributes and becomes a nullity. *Eaton* v. *Whiting*, 3 Pck. (Mass.), 484; *Kinsley* v. *Ames*, 2 Metc. (Mass.), 29. The due and proper exercise of the power of sale in a mortgage conveys the title to the property to the purchaser, deprives the mortgagee of all interests in it, and, unless otherwise provided by statute, bars the mortgagor's equity of redemption. If a right of redemption after a sale under a power in a mortgage is given by statute, the sale confers an inchoate title on the purchaser, subject to be defeated if redeemed and to become absolute if not redeemed. *Perry on Trusts*, Sec. 602 bb. These principles seem to be applied without material limitations to powers of sale given in chattel mortgages, and we think it may be accepted as the law here, as elsewhere, that a valid power of sale may be inserted in a chattel mortgage and, if the power is exercised in accordance with its terms and with fairness to the mortgagor, if no statute intervenes, the equity of redemption is extinguished. We are in accord with the text and supporting citations in 2 *Jones on Chattel Mortgages* (Bow Ed.), Sec. 789 et seq; 11 C. J, 704; 5 R. C. L., 102.

The redemption of mortgages, both of real and personal property, is regulated by statute in this state and special provisions are made for the redemption from sales under a power. A mortgagor of real estate, or those claiming under him, may redeem the mortgaged premises from a sale under a power contained in a mortgage, or in a separate instrument executed at or about the same

time and a part of the same transaction, by satisfying the obligation of the mortgage within one year from the date of the sale. R. S., Chap. 104, Sec. 7 (P. L. 1923, Chap. 73). The maker of a mortgage of personal property must redeem, however, before the power of sale is exercised. The chattel mortgage law is that, where the condition of the mortgage is broken, "the mortgagor or any person lawfully claiming under him may redeem the property at any time before it is sold by virtue of a contract between the parties or on execution against the mortgagor or before the right of redemption is foreclosed" as thereinafter provided. R. S., Chap. 105, Sec. 3. A sale under a power given in a chattel mortgage is a sale "by virtue of a contract between the parties" and clearly within the purview of the statute.

We can not accede to the argument on the briefs for the defendants that the statutory method of foreclosure of chattel mortgages is exclusive and bars a sale by the mortgagee under a power. Until Section 30 of Chapter 125 of the Revised Statutes of 1841 was enacted, the mortgagor of personal property had no right of redemption at law and, if he failed to perform the conditions of his mortgage, the mortgagee acquired an absolute title to the chattel. *Cutts* v. *York Manufacturing Co.*, 18 Me., 190 ; *Flanders* v. *Barstow*, 18 Me., 357. By the Act of 1841, a right of redemption for sixty days after breach of condition was given, "unless the property shall have been sold, in the meantime, in pursuance of the contract between the parties or on execution for the debt of the mortgagor." Under that statute, unless the mortgage itself imposed conditions to be complied with, no foreclosure proceedings were required and the title of the mortgagee became absolute if the mortgage was not redeemed within the statutory period. *Winchester* v. *Ball*, 54 Me., 558. No change in this law appears in its reënactment in the Revised Statutes of 1857. In Chapter 23 of the Public Laws of 1861, a method of foreclosure of chattel mortgages was provided, certain requisites as to notice and record were prescribed, and a forfeiture of the right of redemption was ordered if the conditions of the mortgage were not performed within sixty days after the record of the notice of foreclosure. The mortgagor's right of redemption was again expressly limited, however, to a time before the property is sold "by virtue of a contract between the parties

or on execution against the mortgagor or the right of redemption is foreclosed as hereinafter provided." The law of the foreclosure and redemption of chattel mortgages, as there written, is reënacted in the current Revised Statutes without material change. R. S., Chap. 105, Secs. 3-6.

The right to sell mortgaged chattels by virtue of a contract between the parties, and this, as already pointed out, includes a sale under a power, therefore, still exists in this state. Instead of abrogating and excluding the exercise of this right, the Legislature has expressly recognized it and made it superior to the mortgagor's right of redemption. The cases of *Titcomb* v. *McAllister*, 77 Me., 353, and *Ramsdell* v. *Tewksbury*, 73 Me., 197, cited by the defendants, do not hold to the contrary. In the former, neither the validity nor effect of a power of sale in a chattel mortgage is involved, nor is it there held that the method of foreclosure prescribed by the statute is exclusive. The latter case, in so far as it deals with foreclosure, comments, by way of dictum only, on the acquisition of title by the mortgagee. The case, as reported, indicates that no consideration was given to a power of sale superadded to the mortgage.

No question is raised as to the sufficiency of the power of sale here given, nor as to the manner of its exercise, and we must assume that both are sufficient in the eyes of the law. The defenses which have been pressed can not be sustained. According to the stipulation of the parties, judgment should be rendered for the plaintiff for $30, and that entry is made.

*Judgment for the*
*plaintiff for* $30.