[L. A. No. 17736. In Bank. Nov. 25, 1941.]

CALIFORNIA FEDERAL SAVINGS AND LOAN ASSOCIATION (a Corporation), Appellant, v. R. E. ALLEN, Commissioner of the Superior Court, etc., Respondent.

Edgerton & Colwell for Appellant.

R. E. Allen, *in pro. per.*, for Respondent.

THE COURT.—This is an appeal from an order denying the petitioner's application for a peremptory writ of mandate to compel the issuance of a commissioner's deed after foreclosure sale.

The sole issue presented is whether the 1939 amendment of section 725a of the Code of Civil Procedure (by which the trustor's period of redemption after foreclosure sale is reduced from one year to three months) may be applied to trust deeds executed—as was the one here involved—prior to the effective date of such amendment. At the expiration of three months after the foreclosure sale, the commissioner who had been appointed by the court to conduct the sale refused to deliver a deed to the petitioner (the beneficiary under the trust deed and purchaser at the sale) for the asserted reason that to give such a retroactive effect to the 1939 amendment would be contrary to constitutional inhibitions against the impairment of contract obligations. Thereupon, a proceeding in *mandamus* to compel such action was instituted in the superior court, and from an order denying the petition this appeal has been prosecuted. No brief on behalf of the respondent has been filed with this court.

Although the question presented by the appeal may be interesting from an academic standpoint, it has become moot by lapse of time. Therefore, we find no occasion here to consider or determine it. From both the transcript and the appellant's brief it appears that the sale was made by the respondent commissioner on January 30, 1940, more than one year ago. In view of that fact it is now immaterial whether the three-months' period or the one-year period of redemption is applicable; and from the absence of any effort on the part of the appellant, pending this appeal, to prevent an attempted redemption, it reasonably may be assumed that no attempt to redeem has been made (and counsel has recently so advised this court). Thus the petitioner, appellant herein, is now entitled to a commissioner's deed regardless of the question whether the shorter or the longer period of redemption would have been applicable to the situation here presented.

The issue having become moot, the appeal is dismissed.