(No. 35277.—

MOUNT MORRIS SAVINGS & LOAN ASSOCIATION, *vs.* CHARLES C. BARBER *et al.*—(HAROLD HORST, Appellant, *vs.* CLAUDE U. MESSER *et al.*, Appellees.)

*Opinion filed November 18, 1959.*

WILLIAMS, MCCARTHY & KINLEY, of Rockford, for appellant.

WARD & WARD, of Sterling, (PHILIP H. WARD, and PHILIP H. WARD, JR., of counsel,) for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

The question raised by this appeal is whether the 1957 amendment to section 20 of the act relating to judgments, decrees and executions (Ill. Rev. Stat. 1957, chap. 77, par. 20,) which shortened the over-all redemption period from 15 months to 12 months is applicable to mortgages executed prior to its effective date.

Harold Horst, the assignee of a judgment creditor of Charles C. Barber, attempted to redeem Barber's interest in certain real estate sold in a mortgage foreclosure proceeding 14 months and 27 days after the date of the foreclosure sale. The circuit court of Ogle County entered a decree in which it declared null and void his certificate of redemption and any proceedings pursuant thereto. A freehold being involved, petitioner has appealed directly to this court for a reversal of that decree.

There is no dispute as to the facts. The Mount Morris Savings & Loan Association filed its complaint to foreclose a mortgage executed on December 4, 1953, by Charles C. Barber and Elizabeth F. Barber covering residential property in Mount Morris. Pursuant to a decree of foreclosure the premises were sold on July 18, 1957, by the master in chancery to Claude U. Messer and Ida May

Messer for the sum of $19,000 and a master's certificate of purchase was issued to them. They received a deed from the master on October 26, 1958, and thereafter petitioned the circuit court for a writ of assistance which the court ordered to issue. Harold Horst then filed his petition to vacate this order alleging that he, as assignee of a judgment creditor of Charles C. Barber, had redeemed Barber's undivided one-half interest in the premises, that he is in actual possession, and that as owner of an undivided interest he has an equal right to possession. After a hearing, the court found that the attempted redemption was null and void because it was not made within the time required by statute and ordered the sheriff not to deliver a deed to Horst.

Amended section 20 which was in force on the date of the foreclosure sale provides that a judgment creditor may redeem the premises after the expiration of 9 months and within 12 months after the sale. The petitioner argues that the provisions of section 20 which were in force on December 4, 1953, the date the mortgage was executed, control his redemption rights. Section 20 then provided that a judgment creditor might redeem after the expiration of 12 months and within 15 months after the sale.

Petitioner contends that this amendatory act should not be given retroactive operation unless the language is so clear as to admit of no other construction. In *Orlicki* v. *McCarthy,* 4 Ill.2d 342, the various legal concepts and rules this court has applied in determining whether an amendment should be applied prospectively or retroactively were mentioned. It was noted that the problem is one upon which jurists are not in agreement, either in their conclusions or rationale. That case does, however, cogently illustrate and discuss the imposing body of precedent in this State which holds that amendments changing time limitations are procedural and should be applied retroactively.

The result of the amendment to section 20 was to re-

duce the over-all redemption period from 15 months to 12 months. The legislature did not reduce the 12-month period during which defendants may redeem, (chap. 77, par. 18,) nor the 3-month period during which judgment creditors may redeem (chap. 77, par. 20). It has merely moved the 3-month period from 12 months after the sale to 9 months after the sale. Thus, the rights of judgment creditors and defendants to redeem will run concurrently during the last 3 months of the 12-month period. We are of the opinion that this case comes within the well-established rule holding time limitations to be procedural in character. *Orlicki* v. *McCarthy,* 4 Ill.2d 342; *McQueen* v. *Connor,* 385 Ill. 455; *Diamond T Motor Car Co.* v. *Industrial Com.* 378 Ill. 203.

It is argued by petitioner that if the amendment is held to apply to mortgages executed before its effective date, it is rendered unconstitutional as an impairment of contract. A sufficient answer to this argument is that he was not a party to the mortgage.

He also asserts that a 15-month redemption period was contemplated by all parties and the Messers should be estopped to claim that any other time period is applicable. The conduct of the other parties to this proceeding cannot be made the basis of an estoppel against the Messers, nor does the fact that the Messers made no effort to obtain a deed from the master in chancery until after 15 months lend any support to petitioner's claim, since the Messers could have waited at least five years before they sought to obtain the deed. See: Ill. Rev. Stat. 1957, chap. 77, par. 31.

We hold the amendment to section 20 to be procedural and, as such, it must be applied to all foreclosure sales occurring subsequent to its effective date. The trial court properly found the attempted redemption of the petitioner Horst to be null and void. The decree denying the petition to vacate the order for a writ of assistance is therefore affirmed.

*Decree affirmed.*