John J. Hogan, Plaintiff-Appellee, v. Ida Bleeker, et al., Defendants.
On Appeal of Rae Winokur, Rowland F. Schlegel and Ted Topel, Defendants-Appellants.

Gen. No. 11,615.

Second District, First Division.

September 11, 1962.

Rehearing denied November 14, 1962.

Arnold M. Flamm, of Chicago (Marshall E. Winokur, of Chicago, of counsel), for appellants.

Michael J. Pucin and Glenn K. Seidenfeld, of Waukegan, for appellee.

McNEAL, J.

This is an action to foreclose the liens of various special assessments levied by the City of Waukegan between 1909 and 1930. Plaintiff's predecessor purchased the liens from the City of Waukegan on April 11, 1951. At that time the liens against the six lots involved in this proceeding, including interest, amounted to $10,106.16 and were purchased for a total consideration of $300. The statute then in effect (Ill Rev Stats 1949, c 24, § 84–57) provided that the assignee of such a lien could foreclose said lien in the same manner as foreclosure in case of delinquent general taxes. No

355

limitation was placed upon the time within which a foreclosure action could be commenced. Subsequently, in 1957, this statute was amended so as to require the municipality to give notice to the property owners and bondholders and to obtain court approval before assigning any special assessment liens. The statute further required that complaints to foreclose such liens should be filed within 5 years after their assignment. Ill Rev Stats 1957, c 24, § 84-56a.

The complaint to foreclose the liens in the instant case was filed on August 31, 1961, after the enactment of the 1957 amendments, and over ten years after the liens had been assigned by the municipality. The owners of the lots in question filed an answer wherein they claimed that the suit was barred by the 5-year statute and also a counterclaim asking that the liens be removed as a cloud upon their title. These allegations were stricken and the circuit court entered a decree of foreclosure. This appeal followed, the question being whether or not the complaint to foreclose is barred by the 1957 amendment requiring that such complaints be filed within 5 years from the date of the assignment of the lien.

In a recent and leading case involving the Dram Shop Act, Orlicki v. McCarthy, 4 Ill2d 342, 353, 122 NE2d 513, the death in question occurred on July 10, 1949. On that date actions for loss of support could be commenced under the Dram Shop Act within 5 years from the date of the injury. Thereafter the statute was amended so as to require that such actions be commenced within 2 years. Complaint was filed on September 27, 1951, following the enactment of the amendment and more than 2 years after the date of death. The Supreme Court, after a careful and detailed analysis of the problem, affirmed the dismissal of the complaint, and concluded as follows:

> "According to our analysis, the legislature which created the rights under the Liquor Con-

trol Act had the power to repeal those rights, irrespective of whether they were embodied in 'pure statutory actions', or, as plaintiffs suggest, in 'statutory remedies enforcible by common law actions.' Moreover, the legislature exercised that power in a measure by amending the act and imposing time limitations for bringing actions under the Liquor Control Act. . . .

"Furthermore, even if the intention of the legislature were not ascertainable, the 1949 amendment to the Liquor Control Act, imposing a time limitation on the right of action conferred in that act, should be retroactively applied on the basis of the substantial precedent holding such time limitation amendments to be procedural in character. . . .

"On the basis of the foregoing authorities, it is our judgment that the time limitation amendment should be retroactively applied, on the ground that the legislature so intended, and that it is procedural in character."

This conclusion was reaffirmed in Mount Morris Sav. & Loan Ass'n v. Barber, 17 Ill2d 523, 525, 162 NE2d 347, wherein the Supreme Court held that a statute reducing the redemption period of judgment creditors from 15 months to 12 months applied retroactively. The Court referred to the Orlicki decision, as follows:

"It was noted that the problem is one upon which jurists are not in agreement, either in their conclusions or rationale. That case does, however, cogently illustrate and discuss the imposing body of precedent in this State which holds that amendments changing time limitations are procedural and should be applied retroactively."

A number of other decisions have been called to our attention wherein the courts of Illinois have given a

357

retroactive effect to the time limitations contained in various statutes. In Hilberg v. Industrial Commission, 380 Ill 102, 43 NE2d 671; Diamond T. Motor Car Co. v. Industrial Commission, 378 Ill 203, 37 NE2d 782; and DuQuoin School Dist. v. Industrial Commission, 329 Ill 543, 161 NE 108, the Supreme Court gave a retroactive application to the statutes limiting the time within which actions may be commenced under the Workmens Compensation Act. In Sharp v. Sharp, 213 Ill 332, 72 NE 1058, the Supreme Court applied retroactively a statute limiting the time within which will contests may be commenced. In People v. Lindheimer, 371 Ill 367, 21 NE2d 318, the Supreme Court construed retroactively a statute abolishing tax refunds. In Pratt v. Hayes, 20 Ill App2d 457, 156 NE2d 290, a statute governing the time for bringing an action under the Injuries Act was given a retroactive effect. See also Fourt v. DeLazzer, 348 Ill App 191, 108 NE2d 599, pertaining to the Dram Shop Act.

Under the above authorities it is the conclusion of this Court that the provision of the statute requiring tax lien foreclosures to be commenced within 5 years after their assignment is procedural. The complaint filed in this case was barred by the express provisions of the statute, and the decree of foreclosure entered in this cause should be and it hereby is reversed.

Reversed.

DOVE, P. J. and SMITH, J., concur.