UNITED STATES of America, Plaintiff,

v.

J. E. H. JOHANSSON and Barbara K.
Johansson, Defendants.

Civ. No. 77–131–ND.

United States District Court,
D. Maine, N. D.

March 19, 1979.

George J. Mitchell, U. S. Atty., Portland, Maine, for plaintiff.

Lewis V. Vafiades, William H. Lyons, Nicholas P. Brountas, Vafiades, Brountas & Kominsky, Bangor, Maine, for defendants.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT

GIGNOUX, Chief Judge.

Plaintiff United States of America has brought this action to foreclose a real estate mortgage executed by defendants J. E. H. and Barbara K. Johansson as security for a Farmers Home Administration ("FmHA") loan. Plaintiff has moved for summary judgment as to defendant Barbara K. Johansson.[1] The Court grants this motion.

### I

The pleadings and affidavits on file establish the following undisputed facts. On November 5, 1974 defendants executed and delivered to the Government a standard form FmHA real estate mortgage of two parcels of land in Bar Harbor, Maine, as

---

1. The Clerk has entered a default as to defendant J. E. H. Johansson for failure to plead or otherwise defend. See Fed.R.Civ.P. 55(a). In fact, it appears from the record that this defendant, as a result of a February 25, 1977 divorce judgment, has conveyed his former interest in the mortgaged real estate to his former wife, Barbara K. Johansson.

security for their promissory note of $20,-250.00, bearing interest at 9½ percent per annum and requiring monthly payments of $168.00 for 33 years. The mortgage was duly recorded in the Hancock County Registry of Deeds on November 6, 1974. Defendants have defaulted on the note by their failure to make any payments due, including real estate taxes, since July 5, 1976. The present action was instituted on September 6, 1977. There is now owing to plaintiff on account of principal, advances, and interest the sum of $22,751.02,[2] together with interest at 9½ percent per annum on principal and all advances from July 11, 1977. In its prayer for relief, plaintiff seeks a judgment of foreclosure and sale, barring defendant's equity of redemption, and an adjudication of the amount due plaintiff on its promissory note and mortgage.

## II

Since defendants' default on the promissory note and the amount owing to plaintiff are uncontested, plaintiff's motion for summary judgment as to liability must be granted. There remains for consideration, however, the question of whether Mrs. Johansson is entitled to a right of redemption in the property, and if so, the length of the redemption period. The Government argues that no redemption period should be afforded defendant because federal law, and not state law, governs the rights of parties to government contracts such as FmHA real estate mortgages, and there being no specific federal statute granting a right of redemption, federal law should not recognize any redemption period. Alternatively, if state law is to be applied, the Government argues that it is entitled to the 90-day redemption period provided by 14 M.R.S.A. § 6322. Defendant contends that state law governs and that under state law, her rights are controlled by the provisions of 14 M.R.S.A. § 6201 et seq., which provide, inter alia, for a one-year redemption period. 14 M.R.S.A. §§ 6202, 6204.

■ The Court holds that by reason of the express terms of the mortgage in this case, the Maine law as of the date of defendants' default controls[3] and that the controlling Maine law is 14 M.R.S.A. § 6322, which provides for a 90-day redemption period.

The mortgage agreement expressly instructs the Court that Maine foreclosure law must be applied to the present controversy. Covenant 23 of the mortgage states, in no uncertain terms, that "[u]pon default by the Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by *the laws then existing of the jurisdiction where the property is situated* . . . ." (emphasis added). The mortgaged property is situated in Maine, and the applicable Maine foreclosure statute existing at the time of defendants' default in July 1976 was 14 M.R.S.A. § 6322, which, as noted, provided for a 90-day redemption period.[4]

■ Pointing to Covenant 19 of the mortgage, the Government argues that the defendants, by executing the mortgage, waived any right of redemption they might have under any state law. The relevant language of Covenant 19, however, provides

2. As of July 11, 1977, principal and advances totaled $20,677.57 and interest due was $2,073.45.

3. Because of the conclusion that the mortgage itself provides that state foreclosure law shall apply to this controversy, it is not necessary for the Court to determine whether, in the absence of such a provision in the mortgage agreement, federal or state law would be applicable. *Compare United States v. Stadium Apartments, Inc.*, 425 F.2d 358 (9th Cir.), *cert. denied*, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 (1970) *and United States v. Viewcrest Garden Apartments*, 268 F.2d 380 (9th Cir.), *cert. denied*, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959) *and*

*Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943) *with United States v. McKenzie*, 510 F.2d 39 (9th Cir. 1975) *and United States v. Marshall*, 431 F.Supp. 888 (N.D.Ill.1970).

4. Section 6322, as it existed in July 1976, was repealed and replaced by 1977 Maine Acts, ch. 618, in an apparent response to the Maine court's decision in *Portland Savings Bank v. Landry, infra*. The substance of the former Section 6322 was unchanged by the 1977 act. The present Section 6322, unlike the former section, specifies to which mortgages the 90-day redemption period is to apply.

that the Government will not be bound by any present or future state laws "allowing any right of redemption or possession *following* any foreclosure sale." (emphasis added). This waiver, even if valid, would apply only to exclude a redemption period *after* a judicial sale. There is no Maine statute that creates a right of redemption *following* a foreclosure sale. Specifically, the Maine foreclosure statute here applicable, 14 M.R.S.A. § 6322, provides for a redemption period *prior* to sale.

■ Defendant contends that the application of 14 M.R.S.A. § 6322 in this case is constitutionally impermissible. The provisions of Maine law permitting the foreclosure of mortgages by civil action, with a 90-day redemption period, as presently embodied in 14 M.R.S.A. §§ 6321–25, were enacted by the Maine Legislature, effective October 1, 1975. P.L.1975, ch. 552. The new procedure created an alternative to the existing methods by which real estate mortgages might be foreclosed, *see* 14 M.R.S.A. §§ 6201(1)(2)(3), 6203(1)(2), each of which allowed one year for redemption. 14 M.R.S.A. §§ 6202, 6204. Relying on *Portland Savings Bank v. Landry*, 372 A.2d 573 (Me. 1977), defendant's argument is that since the instant mortgage was executed on November 4, 1974, prior to the effective date of Section 6322, its provision for a shortened redemption period cannot constitutionally be applied to her. In *Landry*, however, the Maine court held the 90-day redemption period provided by Section 6322 to be an unconstitutional impairment of contract when applied to mortgages which were executed prior to October 1, 1975, the effective date of that provision, "*unless the mortgage contained language permitting foreclosure under any legal method existing at the time the mortgage became in default.*" *Id.* 372 A.2d at 579 (emphasis added). Since such language was not included in the mortgage given by the defendant in that case, the court held the attempted foreclosure to be constitutionally impermissible. *Id.* In the present case, the mortgage, even though executed prior to October 1, 1975, contains language (Covenant 23, *supra*) expressly "permitting foreclosure under any legal method existing at the time the mortgage

[becomes] in default." There is thus no constitutional objection to the application of the 90-day redemption period provided by Section 6322 to defendants' mortgage.

### III

Plaintiff's motion for summary judgment is GRANTED. Judgment will be entered adjudging the amount due to the plaintiff on its promissory note and real estate mortgage, for foreclosure of the mortgage, and for the sale of the mortgaged real estate 90 days from the date of the judgment unless defendant shall pay to plaintiff within said 90-day period the amount adjudged to be due to the plaintiff on its promissory note and real estate mortgage, with interest thereon to the time of such payment, together with the costs and expenses of this action. Plaintiff's counsel shall submit a proposed form of judgment, with a copy to defendant's counsel, within 10 days from this date. Defendant's counsel may submit any comment thereon within 10 days thereafter.

IT IS SO ORDERED.