UNITED STATES of America, Plaintiff,

v.

Robert C. ROYER, and Linda L. Royer, Defendants.

Civ. A. No. 82–1071.

United States District Court, M.D. Pennsylvania.

July 16, 1986.

---

Gordon A.D. Zubrod, Asst. U.S. Atty., Scranton, Pa., Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

Garry Wamser, Susquehanna Legal Services, Bloomsburg, Pa., for defendants.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction and Background*

The parties have cross-moved for summary judgment.[1] The issue presented is whether the federal government obligated itself under the terms of a mortgage to comply with state law before foreclosing on a federally financed mortgage.

On August 31, 1982, plaintiff, United States of America, filed a complaint in mortgage foreclosure on a mortgage issued to the defendants, Robert C. Royer and Linda L. Royer, by the Farmers Home Administration (FmHA). The defendants did not appear or plead and a default judgment was entered against them on January 31, 1984, authorizing foreclosure and sale of the mortgaged property, defendants' residence. Thereafter, defendants sought injunctive relief against foreclosure which was mooted by plaintiff's decision not to press a sheriff's sale of the property. The request for equitable relief was based upon a claim that the government had to comply with a Pennsylvania law, the Act of Dec. 23, 1983, P.L. 385, No. 91, § 2 *et seq.*, 35 P.S. § 1680.401c *et seq.* (Purdon Supp. 1986), which imposes certain duties on a mortgagee before proceeding to foreclosure.[2]

The government contends it need not comply with this law. Defendants counter that the terms of the mortgage agreement require plaintiff to abide by the state law before foreclosing on the mortgage.

### II. *Discussion*

The relevant provisions of the mortgage are, in pertinent part, as follows:

(17) SHOULD DEFAULT occur ... the government, at its option, with or without notice, may: .... (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

....

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

....

(24) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by

---

1. The cross-motions were filed even though judgment has already been entered by default for plaintiff. We will treat defendants' motion as a motion to strike the default judgment pursuant to Fed.R.Civ.P. 60(b) and plaintiff's motion as simply opposition to that motion.

2. Among those is the requirement that the mortgagee send a notice outlining the mortgagor's rights under the Act before foreclosure can begin. *See* 35 P.S. § 1680.403c.

the law then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government.

The government contends that these provisions permit it to use state law in foreclosing on a mortgage but do not require it to do so. Plaintiff points out that the only mandatory language is contained in paragraph 21 which provides that the "instrument shall be subject" to FmHA regulations. Those regulations refer to federal law as governing the mortgage. Thus, 7 C.F.R. § 1900.102, provides in subparagraph (a) as follows:

(a) Instruments evidencing or securing a loan payable to or held by the Farmers Home Administration, such as ... mortgages ... shall be construed and enforced in accordance with applicable Federal law.

And section 1900.102(c) again refers only to the permissive use of local procedures:

(c) In order to implement and facilitate these Federal loan programs the application of local procedures, especially for recordation and notification purposes, may be utilized to the fullest extent feasible and practicable.

Hence, the government contends it was free to ignore state procedure in foreclosing on the mortgage and that references to state law in the agreement merely provided the government the option to pursue a state law remedy if desired.

Defendants argue that the contractural provisions bind FmHA to follow Pennsylvania law. The mortgage provides that FmHA may foreclose "as provided herein or by law" (¶ 17(d)). Since the Homeowner's Emergency Assistance Act applies to mortgage foreclosure, FmHA must comply with it. Defendants also argue that plaintiff's interpretation is "absurd" because it: (1) would permit FmHA to follow state law in one mortgage foreclosure and federal law in another; and (2) would, in fact, authorize FmHA to ignore both state and federal law in any foreclosure action.

After careful consideration, we agree with plaintiff's interpretation of the mortgage.

Federal law controls the rights and obligations of the parties to the agreement, see *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979), and the regulations quoted above clearly indicate that FmHA intended, among other things, to reserve the right to foreclose on the mortgage in accordance with federal procedures while retaining the right to pursue state remedies at its option. *See* 7 C.F.R. §§ 1900.102(a) and (c).

FmHA could contractually agree to follow state law. *See United States v. Scholnick*, 606 F.2d 160 (6th Cir.1979); *United States v. Johansson*, 467 F.Supp. 84 (D.Me. 1979). We do not, however, read the pertinent mortgage provisions as requiring FmHA to do so. Paragraph 17 provides that FmHA may foreclose the mortgage "as provided herein *or* by law...." (emphasis added). The document does go on to provide in paragraph 24 that the government may foreclose as authorized or permitted under state law *and* under the laws of the United States. But reading this paragraph in conjunction with paragraph 17, we conclude that paragraph 17, providing disjunctively for proceeding "as provided herein or by law," authorized the government to foreclose solely in compliance with federal law. *But see United States v. Johansson, supra.* Otherwise, the "or by law" language is complete surplusage.

We reject defendants' contention that reading the contractural language in this way leads to an absurd result. First, defendants have not explained why they think it is absurd that the government should be able to pursue different options in individual cases. If federal regulations and the contractural language so provide, there is nothing wrong with this approach. Second, the government is not free to ignore both state and federal law under our interpretation of the mortgage agreement. FmHA must either: (1) comply with state

and federal law; or (2) comply with federal law alone.

We will issue an appropriate order.

## ORDER

AND NOW, this 16th day of July, 1986, it is ordered that defendants' motion to strike the default judgment is denied.