## BAXTER, *in Equity, versus* CHILD *& ux.*

A failure to pay the debt secured by a mortgage at the time it is due, will, in a suit in equity, interpose no obstacle to a redemption by the mortgager according to the statute, although a provision is incorporated into the mortgage that the mortgagee shall hold the land free from the right of redemption, if the debt is not paid at maturity.

BILL IN EQUITY.

This bill was brought by the mortgager to redeem a parcel of real estate. The mortgage was given to secure the payment of $675, on the first day of September, 1854, and the bill alleged a tender of the amount due on the 16th of that month, with a demand for an account of the rents and profits, and a refusal.

The answer set forth the note and the mortgage, in which was this provision; "and provided also that if said Baxter shall fail to pay said sum at the time aforesaid, then said Mary shall have right to enter on said land, and hold said premises free from the right which the said Baxter would have to redeem the same," and that it was the understanding and agreement that the complainant should lose and waive his right to redeem the premises, if he should fail to pay the note when due; and that the trade was made with the respondent with a view that she might purchase a certain farm described in the answer, and in consequence of the non-payment of the note when due, she was deprived of the opportunity to complete that bargain, and lost a large amount by expenses in preparing to remove; and that

she was willing to receive said amount when tendered if the complainant would have paid her expenses in preparing to move, and indemnify her for the loss she suffered by his neglect to pay.

*S. & D. W. Fessenden,* for respondents.

1. The provision in the deed, if construed as a mortgage, should be construed in equity as a release from the complainant of his right to redeem the premises.

2. But the conveyance to Mrs. Child is not properly a mortgage, but construing the whole together, it must, in equity, be construed to be an estate on condition precedent, and in which time is of the essence of the contract. A failure therefore, to fulfil the condition, is a forfeiture of the estate, and the possession not being changed, an entry was unnecessary. *Erskine* v. *Townsend,* 2 Mass. 493; *Mellen* v. *Lees,* 2 Atkins, 494; 4 Dane, c. 112, art. 2, § 19; *Skim* v. *Roberts,* 1 Spencer, 43; *Lin. & Ken. Bank* v. *Drummond,* 5 Mass. 321.

3. But if it is a mortgage the respondent should be made whole.

4. In a contract in relation to real estate, a condition for the benefit of the party to be charged may be waived by him, and that too by parol. *Blood* v. *Hardy & al.,* 15 Maine, 61; 2 Bouvier's Law Dict. 640.

*Shepley & Dana,* for complainant, cited *Waters* v. *Randall,* 6 Met. 479; *Wilcox's heirs* v. *Morris,* 1 Murph. 117; *Henry* v. *Davis,* 7 Johns. C. R. 40; *Clark* v. *Henry,* 3 Cowen, 332; 1 Powell on Mort. 116.

The opinion of the Court was drawn up by

RICE, J. — On the ninth day of May, 1854, the plaintiff in equity purchased of the defendants the premises described in his bill, for the sum of eleven hundred and seventy-five dollars. Five hundred dollars of the purchase money was paid in cash, and a note for six hundred and seventy-five dollars, payable by the first day of September then next, with interest, given for the balance. To secure the payment

of this note a mortgage of the same premises was given. This mortgage is in the ordinary form, with this additional proviso, to wit; "and provided also, that if said Baxter shall fail to pay said sum at the time aforesaid, then said Mary shall have the right to enter on said land, and hold said premises free from the right which said Baxter would have to redeem the same."

This proviso, it is contended, was intended by the parties to cut off all right of redemption, unless the note described in the mortgage was paid on or before the first day of September, 1854. Though demanded, payment was not made on that day. The defendants therefore claim that their right in the estate has become absolute, and that the five hundred dollars paid has also been forfeited. By the rigid rules of the common law, that result might follow. But in equity the rule is different, and by its principles summary forfeitures are not encouraged.

In equity the character of the conveyance is determined by the clear and certain intention of the parties; and any agreement in the deed, or in a separate instrument, showing that the parties intended that the conveyance should operate as a security for the re-payment of money, will make it such, and give to the mortgager the right of redemption. 4 Kent's Com. 142; *Hughes* v. *Edward,* 9 Wheat. 489.

That the mortgage in this case was given as security for the note of six hundred and seventy-five dollars, is explicitly admitted by the defendants in their answer.

In *Waters* v. *Randall,* 6 Met. 479, it was remarked by HUBBARD, J., in giving the opinion of the Court, "I believe no case can be found, in which it has been determined, that the mortgagee can, by force of any agreement, made at the time of creating the mortgage, entitle himself, at his own election, to hold the estate free from condition, and cutting off the right in equity of the mortgager to redeem. Such an agreement would not be enforced as against a mortgager; nor is it to be confounded with a sale upon condition."

So inseparable indeed, is the equity of redemption from a mortgage, that it cannot be disannexed, even by an express agreement of the parties. If therefore, it should be expressly stipulated that unless the money should be paid at a particular day, or by or to a particular person, the estate should be irredeemable, the stipulation would be utterly void. 2 Story's Eq. § 1019.

The defendants' claim for damages, by the alleged loss of an advantageous contract for the purchase of a farm, is altogether too remote, uncertain and speculative, to be considered.

The plaintiff is entitled to redeem on payment of the amount equitably due on the mortgage, and may have a decree to that effect.

There is no sufficient evidence before us, to enable us to determine what allowance should be made, if any, for rents and profits. Unless the parties can agree between themselves, a master will be appointed to ascertain and report that fact. The plaintiff is entitled to his costs.