**Earle B. SEAMAN**

v.

**Malcolm W. SEAMAN.**

Supreme Judicial Court of Maine.

Argued June 4, 1984.

Decided July 2, 1984.

---

Fine & Cohen, Sheila J. Fine (orally), Ogunquit, for plaintiff.

Mulvey & Thornton, James G. Noucas, Jr. (orally), Portsmouth, N.H., for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, Earle Seaman, appeals from a judgment of the Superior Court, York County, ordering the defendant, Malcolm Seaman, be allowed to redeem his interest in a cottage which was the subject of an equitable mortgage held by the plaintiff. The defendant cross-appeals, assigning error to the court's calculation of the amount due to effectuate the redemption.

We grant the defendant's cross-appeal, and remand for recalculation of the mortgage debt, but affirm the judgment of the Superior Court in all other respects.

The facts are not in dispute. Between 1962 and 1964 the plaintiff Earle Seaman lent his brother Malcolm Seaman $4500. On September 9, 1965, the defendant and his wife executed a promissory note for that amount plus five percent annual interest, the total to be repaid in five years. As security for the note, the defendant assigned to his brother his future interest in a cottage in Ogunquit which he had received under his grandfather's will. The defendant's interest was a vested remainder subject to divestment if the defendant predeceased the life tenant.

The defendant made no payments on the note during the five year period. In 1971, the plaintiff recorded the note, the assignment, and an affidavit of default in the York County Probate Court, but did not institute foreclosure proceedings.

In 1973, the parties made a new agreement, whereby the defendant promised to make monthly payments of $50.00 on the note. The plaintiff received four $100 payments in 1977 and $500 in 1979.

On March 9, 1982, the life tenant died, and the defendant's interest in the Ogunquit cottage was no longer subject to divestment. On March 25, 1982, the defendant tendered payment of $5848.55 to the plaintiff, representing the total amount he calculated to be due on the note.

The plaintiff refused to accept this payment, and instead, on April 2, 1982, instituted this action for specific performance. The defendant counterclaimed, seeking, *inter alia*, an order that he be allowed to redeem the property by payment of the amount due on the note.

By order dated November 3, 1983 the Court directed that the defendant be given 90 days in which to redeem his interest in the cottage, by tendering to the plaintiff $4500, plus five percent annual interest, computed from September 9, 1965.

■ The Superior Court correctly characterized the interest transferred between the parties as an equitable mortgage, rather than a true assignment. It is clear the parties intended the transfer of the defendant's future interest in the cottage to secure his obligation on the promissory note. As we stated in *Smith v. Diplock*, 127 Me. 452, 457, 144 A. 383, 386 (1929).

No matter what the form and phraseology of the written evidence of a conveyance, if the court is satisfied that, at its inception, the agreement of transfer was as security, such conveyance, though in form a deed absolute, is in effect an equitable mortgage.

*Accord Fulton v. McBurnie*, 134 Me. 6, 180 A. 921 (1935); G. Osborne, *Handbook on the Law of Mortgages* § 29 (2d ed. 1970).

This court has repeatedly recognized that a right of redemption is incident to a mortgage, and is an equitable right upon which the mortgagor may justifiably rely. *Portland Savings Bank v. Landry*, 372 A.2d 573 (Me.1977); *Linnell v. Lyford*, 72 Me. 280, 283 (1881); *Baxter v. Child*, 39 Me. 110, 112 (1855). While not disputing that he held an equitable mortgage on the Ogunquit cottage, the plaintiff argues that by the terms of the "assignment," the defendant expressly waived his right of redemption. In prior decisions we have held that while a mortgagor may release or surrender his right of redemption, such an agreement must be made subsequent to the giving of the mortgage, and for valuable consideration. *Bither v. Packard*, 115 Me. 306, 98 A. 929 (1916); *Greenlaw v. Eastport Savings Bank*, 106 Me. 205, 76 A. 485 (1909). *Accord* G. Osborne, *supra* at § 100.

■ In the present case there is no evidence the defendant agreed to waive his equity of redemption, and, in fact, the plaintiff's acceptance of payments on the note in 1977 and 1979 gave the defendant justifiable grounds for believing his period of redemption was open-ended. Furthermore, until he refused to accept the defendant's tendered payment in March of 1982, the plaintiff repeatedly indicated he would accept payments on the note at any time. We agree with the finding of the Superior Court:

The defendant ... was led to believe by the words of the plaintiff and by the action of the plaintiff in accepting irregular payments that he could repay at any time.... The plaintiff cannot refuse the defendant's tender of final payment within their agreed redemption period nor can the plaintiff unilaterally end the open-ended redemption period without giving some reasonable period of time in which to redeem.

We find no error in the Superior Court's decision that the defendant has the right to redeem his interest in the cottage.

■ The court's order determined the amount owed by the defendant to be $4500 plus five percent interest calculated from September 9, 1965. The defendant is certainly correct in arguing, as he does on his cross-appeal, that the $900 in payments he has already made on the note must be deducted from the total amount due. We therefore remand this case to the Superior Court for its recalculation of the amount owed by the defendant.

The entry is:

Remanded to the Superior Court for calculation of the amount owed by the defendant, consistent with the opinion herein.

Judgment affirmed in all other respects.

All concurring.