Julie DAVIS

v.

**Michael PICCIANDRA, et al.**

Supreme Judicial Court of Maine.

Argued June 23, 1995.
Decided July 20, 1995.

Robert E. Mongue (orally), Law Offices of Robert E. Mongue, Kennebunk, for plaintiff.

Peter R. Roy (orally), Roy, Beardsley & Williams, Ellsworth, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff, Julie Davis, appeals from a judgment entered in the Superior Court (Hancock County, *Marsano, J.*) on her declaratory judgment action concerning real property located in Sedgwick. In her complaint, plaintiff requested that the court determine the legal significance of a conveyance of title to that property from a Massachusetts corporation, Natural Enterprises, Inc.[1] (NEI), to Claude C. and Marie A. Picciandra (the parents of plaintiff's ex-husband, Michael Pic-

---

1. The Superior Court found that the stock of NEI was marital property at the time of plaintiff's and   Michael Picciandra's divorce.

ciandra). She claims title to the property by virtue of a divorce judgment awarding her title to the "marital real property," and a release deed from NEI to herself. The Superior Court held that her title was subject to an equitable mortgage created by the conveyance from NEI to the Picciandras. Finding no error, we affirm the judgment.

Competent evidence in the record supports the court's factual finding that the Picciandras acquired title to the property in order to protect their financial position so long as they continued to make mortgage and other payments related to the property. This finding supports the court's imposition of an equitable mortgage. *See Seaman v. Seaman,* 477 A.2d 734, 736 (Me.1984); *Stinchfield v. Milliken,* 71 Me. 567, 570 (1880). We reject plaintiff's argument that her lack of intent to have a mortgage imposed on the property defeats imposition of the equitable mortgage. Moreover, although there is no evidence in the record of corporate authorization for the conveyance, plaintiff presented no legal argument to the Superior Court regarding Massachusetts corporate law on this point even when specifically invited to do so by the court. We therefore find that the issue of corporate authorization for the conveyance was not properly preserved. We also reject plaintiff's contention that the doctrine of unclean hands, *Hamm v. Hamm,* 584 A.2d 59, 61 (Me.1990), prohibits imposition of an equitable mortgage in this case.

Finally, we conclude that the court did not abuse its discretion or otherwise err in setting a 90–day redemption period and in requiring plaintiff to pay interest on the sums paid by the Picciandras for the benefit of the property. We find no error in the court's requiring her to repay amounts expended by the Picciandras starting in May 1981. Even though the record supports plaintiff's contention that Michael Picciandra resided on the property before February 1982, plaintiff still benefitted from the fact that the Picciandras made the mortgage and other payments.

The entry is:

Judgment affirmed.

All concurring.