ENTERED AUG 0 8 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. RE-11-62
JON-YOR-07-07-14

CENTRIX BANK AND TRUST a/k/a
CENTRIX BANK & TRUST, )
)
      Plaintiff, )
)
v. )
)
JUDITH KEHL, STEPHEN KEHL, )
35 THAXTER LANE, LLC, and )
37 THAXTER LANE, LLC, )
)
      Defendant. )

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT ON COUNT IV
OF THE AMENDED COMPLAINT

I.     Background

On January 4, 2008, Defendants Judith and Stephen Kehl transferred the property located at 35 Thaxter Lane, Kittery Point, Maine, to Defendant 35 Thaxter Lane, LLC and the property situated at 37 Thaxter Lane Kittery Point, Maine to 37 Thaxter Lane, LLC by Quitclaim Deed recorded in the York County Registry of Deeds.[1] That same day, a "Non-Encumbrance Covenant" between Defendants Judith and Stephen Kehl, dated December 18, 2007, was recorded in the York County Registry of Deeds for each of the 35 and 37 Thaxter Lane properties. The Non-Encumbrance Covenant for 35 Thaxter Lane (which is exactly mirrored in the language of the Non-Encumbrance Covenant for 37 Thaxter Lane) states:

> I, Judith Kehl, individually and as a member of 35 Thaxter Lane, LLC hereby grants a Non-Encumbrance Covenant on property located at 35 Thaxter Lane, Kittery Point, Kittery, Maine to:
>
> Stephen Kehl of 28 Thaxter Lane, Kittery Point, Maine, as collateral security for the payment of the sum of $250,000.00 owed to Stephen L. Kehl under the terms of a certain Agreement between Stephen L. Kehl and Judith R. Kehl, on land located at 35 Thaxter Road, Kittery, Maine

---

[1] Judith Kehl is the sole member of 35 Thaxter Lane, LLC, and of 37 Thaxter Lane, LLC.

1

The Non-Encumrance Covenants further state that the purpose of the Covenants is to ensure that no encumbrance is placed on the properties without prior approval by Defendant Stephen Kehl.

Plaintiff brought this action in December 2009 seeking pre-judgment attachment of the amount due subsequent to the default on three promissory notes executed by Defendant Judith Kehl in its favor. The court issued an Order Approving Plaintiff's Motion for Ex Parte Approval of Attachment and Attachment on Trustee Process on February 5, 2010 granting an attachment to Plaintiff on the real and personal property of Defendants Judith Kehl, 35 Thaxter Lane, LLC and 37 Thaxter Lane, LLC in the amount of $1,595,292.65. Plaintiff recorded the Order in the York County Registry of Deeds. In March 2011, Plaintiffs filed a second action, which has been consolidated with the first, asking the court to grant foreclosure on the 2007 Mortgage, and to find fraud and fraudulent transfer on behalf of Defendants. Plaintiffs have amended the complaint to add a count of declaratory judgment.

The parties have filed cross motions for summary judgment on Plaintiff's Count IV of the amended complaint seeking declaratory judgment. Parties dispute whether Plaintiff may attach a lien against the Thaxter Lane properties in light of the recorded Non-Encumbrance Covenants.

II.     Standard of Review

"Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se*." F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 2010 ME 20, ¶ 11, 989 A. 2d 733 (Me. 2010); Dyer v. Department of Transportation, 2008 ME 106, ¶ 14, 951 A.2d 821 (Me. 2008). When

2

reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. v. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III.    Discussion

Plaintiff moves the court for summary judgment on the basis that, as a third party seeking recovery of potential debt, Plaintiff is not affected by the "Non-Encumbrance Covenant" between Defendants Judith and Stephen Kehl. Defendants move the court for summary judgment on the basis that the "Non-Encumbrance Covenant", recorded in the York County Registry of Deeds, precludes the ability of Plaintiff to encumber the property with an attachment. A covenant of freedom from encumbrances is often found in a warranty deed.[2] The covenant of freedom from encumbrances granted in a warranty deed is a promise from the grantor to the grantee that there are no encumbrances on the property at the time of execution. The promise is solely between the grantor and grantee. COVENANT, Black's Law Dictionary (9th ed. 2009), covenant.

There is no reason to believe that the Non-Encumbrance Covenants bind anyone other than those party to the Covenants. If the Non-Encumbrance Covenants are equivalent to a covenant of freedom from encumbrances, as found in a warranty deed,

---

[2] Black's Law Dictionary describes a warranty deed as follows:
> A deed containing one or more covenants of title; esp., a deed that expressly guarantees the grantor's good, clear title and that contains covenants concerning the quality of title, including warranties of seisin, quiet enjoyment, right to convey, freedom from encumbrances, and defense of title against all claims.

DEED, Black's Law Dictionary (9th ed. 2009), deed.

3

the Covenants would not be relevant to encumbrances placed on the properties after the Covenants were entered. In this case, the Covenants state: "The purpose of this Non-Encumbrance Covenant … is to ensure that the above described property … shall not be further pledged or encumbered after this date without the concurrence and written consent of Stephen L. Kehl." It is clear from the face of the Covenants that they are not meant to replicate the warranty offered in a warranty deed, but as agreements between Defendant Judith and Stephen Kehl going forwards. Defendant Stephen Kehl may have some recourse against Defendant Judith Kehl for encumbrances placed on the property after the execution of the Covenants. However, the Covenants between Stephen Kehl and Judith Kehl may not be enforced upon Plaintiff, who was not a party to the agreement. "It goes without saying that a contract cannot bind a nonparty." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294, 122 S. Ct. 754, 764, 151 L. Ed. 2d 755 (2002). In the situation at hand, in which Plaintiff seeks attachment in order to recover potential debt, Defendants' agreement not to further encumber the properties is inapplicable to Plaintiff.

Defendants argue that the Non-Encumbrance Covenants are equitable mortgages with priority. (Davis v. Picciandra, 662 A.2d 898, 899 (Me. 1995); Stinchfield v. Milliken, 71 Me. 567, 570 (1880) "If a transaction resolve itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is in equity a mortgage." ) Maine is a "race-notice" state. Spickler v. Ginn, 2012 ME 46, ¶ 10, 40 A.3d 999; 33 M.R.S. § 201.

> Under a "race-notice" recordation statute, a purchaser or creditor who first records without notice of a prior, unrecorded interest in the real estate has a senior interest or lien. A subsequent purchaser or creditor cannot have a senior claim to the real estate, under such a statute, if he or she has actual notice of a prior interest at the time the subsequent claim is recorded.

4

92A C.J.S. Vendor and Purchaser § 567. If the Non-Encumbrance Covenants are equitable mortgages on the property, the Non-Encumbrance Covenants would take priority over Plaintiff's lien. The Non-Encumbrance Covenants themselves are ambiguous as to whether they are enforceable equitable mortgages deserving of priority. There are genuine issues of material fact. The court denies summary judgment on the matter of whether the Non-Encumbrance Covenants are enforceable equitable mortgages.

IV.     Conclusion

As a matter of law, Plaintiff may attach a lien against 35 Thaxter Lane, LLC and 37 Thaxter Lane, LLC. Summary Judgment is denied to both parties on the issue of whether the Non-Encumbrance Covenants amount to equitable mortgages.

DATE:  7/7/14

_____
John O'Neil, Jr.
Justice, Superior Court

5

DOCKET NO. RE-11-62

ATTORNEYS FOR PLAINTIFF:
DAVID M HIRSHON
MARSHALL J TINKLE
HIRSHON LAW GROUP PC
208 FORE STREET
PORTLAND ME  04101


ATTORNEY FOR DEFENDANT STEPHEN KEHL:
JAMES B BARTLETT
JAMES B BARTLETT PA
 PO BOX 836
YORK ME  03909


ATTORNEYS FOR DEFENDANTS JUDITH KEHL, 37 THAXTER LANE LLC &
35 THAXTER LANE LLC
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
MARK RANDALL
RANDALL LAW OFFICE PA
PO BOX 17915
PORTLAND ME  04112

DOCKET NO. CV-09-381

ATTORNEYS FOR PLAINTIFF:
DAVID M HIRSHON
HIRSHON LAW GROUP PC
208 FORE STREET
PORTLAND ME 04101

JEFFREY P WHITE
LAW OFFICE OF JEFFREY P WHITE
243 MOUNT AUBURN AVE S-B-1
AUBURN ME 04210


ATTORNEYS FOR DEFENDANTS JUDITH KEHL & PORT OF CALL LLC
MARK A KEARNS
LAW OFFICE OF MARK KEARNS
MARK RANDALL
RANDALL LAW OFFICE PA
PO BOX 17915
PORTLAND ME 04112